Wash, J.,
delivered the opinion of the Court.
This was an action of covenant, brought by Burch, the appellee, against the appellants, in the Boone Circuit Court, where Burch got a verdict and judgment; to reverse which judgment, Pavey and Orr have appealed to this Court. The covenant sued on by Burch, was for the building of the Court House in Monroe county. Burch undertook the job, and Pavey and Orr, (commissioners appointed in behalf of the county,) covenanted “ to pay Burch seven dollars per thousand for making and laying the brick in the manner pointed out in the covenant, counting the neat bridle in the building.”
The only question for the consideration of this Court, which has been raised and relied on by the appellants’ counsel, grows out of the admission of certain evidence on the trial in the Circuit Court, which was objected to by the defendants below, and is now assigned for error.
Witnesses were introduced by the plaintiff below, who testified “ that the rule known and established among masons for measuring their work and ascertain *315 ing the number of neat brick In a building, was to ascertain the number of cubic feet, by multiplying the aggregate length of the walls from out to out, by the height of the story, and that product by the thickness of the wall, (which would give the cubic feet in the wall,) counting the corners twice; and then by multiplying the number of cubic feet thus ascertained, by twenty-two and a half, the product would be the number of neat brick,” &c. It is clear this testimony was illegal and improper.
The covenant is to be construed according to the plain and obvious meaning of the terms used by the community at large, and not according to their meaning as used amongst brick-masons.
It is insisted, how'ever, by the counsel for the appellee, that the instructions given by the Circuit Court to the jury on the trial below, “that the words of the covenant were to be construed according to their general import and meaning, and not according to the particular understanding of brick-masons, or any other particular class of men, who might understand them in a different senseand, “ that by the written contract, the plaintiff could recover for no more. brick than were actually in the building,” &c. &c., did, in effect, withdraw from the consideration of the jury, the evidence improperly admitted. The instructions were, doubtless, very properly given, but do not go far' enough to cure the error complained of.
The jury should have been told expressly, that the evidence had been improperly admitted in the first instance, and that it was not to be considered by them in making up their verdict. This was not done, and it is impossible to tell what influence upon their minds the evidence may have had, or that, in fact, it had at all misled them or influenced their verdict, nor is it material to ascertain that fact; it is sufficient that it was illegal and improper, and was calculated to mislead. The motion made by the defendants for anew trial was, therefore, improperly overruled, and the judgment of the Circuit Court is reversed, and the cause remanded for a new trial conformably to this opinion.