## THE STATE OF IOWA *v.* HAND.

On an indictment for keeping a house of ill-fame, resorted to for the purpose of prostitution and lewdness, the defendant cannot be made liable as the keeper of such a house, by evidence of common reputation as to his character.

In such a case, it must be shown that the defendant was the keeper, but it is not necessary to prove that he was the owner of the house, nor by positive testimony that he was the keeper of it. Proof that he acted as such, or so held himself out to the world, is sufficient.

*Appeal from the Des Moines District Court.*

THURSDAY, DECEMBER 16.

The defendant was indicted for keeping a house of ill-

fame, resorted to for the purpose of prostitution and lewdness. He was convicted, and now, upon appeal, assigns for error, the giving of certain instructions by the court. .

*Browning & Tracy*, for the appellant.

*S. A. Rice*, (Atty. General), for the State.

WRIGHT, C. J.—The bill of exceptions recites that at the instance of the defendant, the court instructed the jury : " That the state must not only prove that the house is a house of reputed ill-fame, but that it was resorted to for the purpose of prostitution and lewdness." The jury was also charged, " that it was not necessary for the state to prove particular facts of lewdness, or prostitution, common reputation as to the character of the defendant, and of the house which he kept, is admissible to prove the crime."

The offense charged, is defined by the law, to consist in *keeping* a house of ill-fame, resorted to for the purpose of · prostitution or lewdness. The indictment is against the *keeper*, and not against the house as a nuisance. To convict, the house must be shown to be a house of ill-fame, resorted to for the purpose named, and that defendant was the keeper of it. Particular acts of lewdness, or prostitution, need not be proved. The counsel for defendant admit this much, and also that the character of the house may be fixed, or shown, by reputation or rumor. The objection is, that the defendant cannot be made liable as the keeper of such a house, by evidence of " common reputation as to his character." And this objection we believe to be well taken.

The bad character of the prisoner is entirely immaterial, in the first instance, in determining whether he was the keeper of the house. And that he was the keeper, must be shown in order to convict. If the charge was against

the house, then its fame—ill-fame—might be shown, by proving, among other things, the character of the persons, (the defendant among others), resorting there from time to time. Nor to charge defendant, is it necessary to prove that he was the owner of the house—nor by positive testimony, that he was the keeper of it. But the jury may conclude that he was such keeper, by proof that he acted as such, or so held himself out to the world. Common reputation as to his character, however, is quite a different thing, and is not admissible to prove the crime here charged.

Judgment reversed.