## STATE *vs.* THERESA TOWLER.

13  661
18  209

Under a statute which declared "all buildings, places, or tenements" used for certain enumerated purposes to be "common nuisances," an indictment charged the defendant with maintaining a "common nuisance, to wit, a grog-shop, tippling-shop and building, place and tenement used as" . . . "and building, place, and tenement used for" . . . charging in the different clauses different purposes.

*Held,* that the offence of keeping a common nuisance was properly charged, and that the indictment was not bad for either uncertainty or duplicity.

*Held,* further, that no allegation of evil intent, was required in such an indictment.

To support an indictment for keeping a common nuisance, the prosecution submitted evidence that the defendant's place was reputed to be a house of ill-fame, but subsequently, with the consent of the presiding justice, withdrew this evidence, and the jury was instructed to disregard it.

*Held,* on exceptions, that there was no error in allowing the withdrawal of the evidence, although the withdrawal was to remove ground for exceptions.

*Query,* whether the evidence of reputation was not legally admissible.

*Held,* further, that if the jury was influenced by the evidence withdrawn, the defendant's remedy was by a petition for a new trial, not by a bill of exceptions.

EXCEPTIONS to the Court of Common Pleas.

Gen. Stat. R. I. cap. 73, § 1, is as follows:

"All buildings, places, or tenements used as houses of ill-fame, resorted to for prostitution, lewdness, or for illegal gaming, and all grog-shops, tippling-shops or buildings, places or tenements used for the illegal sale or keeping of intoxicating liquors, or where intemperate, idle, dissolute, noisy or disorderly persons are in the habit of resorting, are hereby declared to be common nuisances, and are to be regarded as such."

Under this statute an indictment was found against the defendant as follows:

"Providence, sc.　At the Court of Common Pleas of the State of Rhode Island and Providence Plantations, holden at. Providence within and for the County of Providence, on the first Monday of September, in the year of our Lord one thousand eight hundred and eighty-one.

"The grand jurors of the State of Rhode Island and Providence Plantations, and in and for the County of Providence, upon their oaths present: that Theresa Towler, spinster, of Providence, in said county, on the first day of January, in the year of our Lord one thousand eight hundred and eighty-one, and on divers other days and times between said last mentioned day and the day of the finding of this indictment, with force and arms, at Providence, in the aforesaid County of Providence, did keep and maintain a certain common nuisance, to wit, a grog-shop and tippling-shop, and building, place, and tenement used as a house of ill-fame, resorted to for prostitution and lewdness, and building, place, and tenement used for the illegal sale and keeping of intoxicating liquors, and for the habitual resort of intemperate, idle, dissolute, noisy, and disorderly persons, against the form of the statute in such case made and provided, and against the peace and dignity of the State.

"And the jurors aforesaid, upon their oaths aforesaid, do further present that the said Theresa Towler, on the first day of January, in the year of our Lord one thousand eight hundred and eighty-one, and on divers other days and times between said last mentioned day and the day of the finding of this indictment, with force and arms, at Providence, in the aforesaid County of Provi-

dence, did keep and maintain a certain grog-shop and tippling-shop, and building, place, and tenement used as a house of ill-fame, resorted to for prostitution and lewdness, and building, place, and tenement used for the illegal sale and illegal keeping of intoxi-cating liquors, and for the habitual resort of intemperate, idle, dissolute, noisy, and disorderly persons, to the great damage and common nuisance of all the good citizens of this State, against the form of the statute in such case made and provided, and against the peace and dignity of the State.

" Preferred by SAMUEL P. COLT, *Assistant Attorney General.*"

And signed by fifteen grand jurors.

The defendant asked the court to quash the indictment because :

1. It set forth plainly and substantially no punishable crime.

2. It is bad for duplicity.

3. It nowhere charges the defendant with committing the acts charged, intending to vitiate and corrupt the public morals, and nowhere charges any intent.

The court sustained the indictment, and the defendant, after verdict for the State, moved in arrest of judgment which motion was overruled. The first two exceptions cover these rulings. Other exceptions were taken which sufficiently appear from the opinion of the court.

*June* 8, 1882. DURFEE, C. J. We think that under Pub. Stat. R. I. cap. 80, § 1,[1] it is the place or building, by whatever word described, used or resorted to in the ways there mentioned, or in some one or more of them, which is declared to be a common nuisance, and consequently that an indictment for keeping or maintaining any one place or building is not bad for duplicity, although it alleges use or resort in many or all the ways, the charge being of the maintenance of only one nuisance or the commission of only one offence in divers modes or manners. *Commonwealth* v. *Kimball*, 7 Gray, 328 ; *State* v. *Plastridge*, 6 R. I. 76 ; *State* v. *Tracey*, 12 R. I. 216. The indictment here charges in the first count that the defendant did keep and maintain " a certain common nuisance, to wit, a grog-shop and tip-

[1] The reënactment of Gen. Stat. R. I. cap. 73, § 1.

pling-shop, and building, place, and tenement used as a house of ill-fame, resorted to for prostitution and lewdness, and building, place, and tenement used for the illegal sale and keeping of intoxicating liquors, and for the habitual resort of intemperate, idle, dissolute, noisy, and disorderly persons." The allegation of place, in connection with different uses, occurs twice in different parts of the same count. This raises a question whether at least two places are not indicated ? We think the question must be answered in the negative. The indictment charges the keeping of " a certain common nuisance," which means one nuisance, and therefore but one place, though many terms are used and some of them twice used to describe it. The defendant contends that the indictment corresponds in this respect with the statute, and that the statute creates two distinct offences. The statute, as we have seen, makes any place or building which is used or resorted to in either of the ways mentioned in it a nuisance, and it may therefore be said to create as many offences as it mentions offensive ways of use or resort. The statute, however, does not undertake to convert any single place into several places ; and, therefore, since it is the place which is the nuisance, an indictment which follows the statute, using all its forms of local designation, and alleging the commission of the nuisance in all the ways, is not bad for duplicity, inasmuch as it only charges after all, with time-honored tautology, a single offence, namely, the keeping and maintaining of a place or building used or resorted to in the offensive modes alleged. We think, therefore, that the first count is good. We are inclined to think that the second count is likewise without defect. But if either count be good, neither the motion to quash nor the motion in arrest was maintainable. No allegation of evil, malicious, or corrupt intent was necessary, being implied in the act. 1 Bishop Criminal Proced. §§ 521–525. The first two exceptions are therefore overruled. We will add, that even if the indictment were chargeable with duplicity, it is questionable whether the exceptions could be sustained. See Wharton's Criminal Plead. & Prac. § 255, and cases cited.

The other exceptions relate to rulings in regard to evidence. On trial to the jury, the prosecution offered in support of the in-

dictment the testimony of two witnesses to show that the place complained of had the reputation of being a house of ill-fame. The testimony was admitted under exception. Subsequently, before resting, the prosecuting attorney asked leave to withdraw this testimony, and the court, granting the request, instructed the jury that it was out of the case, and that they were not to consider it or allow it to influence their verdict. To this action of the court the defendant excepted. Can these exceptions, or either of them, be sustained.

There is authority for the admissibility of the testimony at common law. *State* v. *McDowell*, Dudley S. Car. 346 ; *State* v. *Hand*, 7 Iowa, 411 ; *State* v. *Brunell*, 29 Wis. 435; *Cadwell* v. *State*, 17 Conn. 467; *United States* v. *Stevens*, 4 Cranch C. C. 341. See, also, *Commonwealth* v. *Gannett*, 1 Allen, 7 ; *Clementine* v. *State*, 14 Mo. 112. But if the testimony was incompetent, the cases are numerous which hold that an error committed by the admission of such testimony is cured by its subsequent rejection or withdrawal, if the jury be clearly directed not to regard it. *Tullidge* v. *Wade* 3 Wils. 18; *Commonwealth* v. *Shepherd*, 6 Binn. 282 ; *Unangst* v. *Kraemer*, 8 W. & Serg. 391; *Minns* v. *State*, 16 Ohio St. 221 ; *Hamblett* v. *Hamblett*, 6 N. H. 333 ; *Pavey & Orr* v. *Burch*, 3 Mo. 447, 448 ; *Beck* v. *Cole*, 16 Wis. 95 ; *Hawes* v. *Gustin*, 2 Allen, 402 ; *Smith* v. *Whitman*, 6 Allen, 562. The ground of these decisions is that the testimony, after being rejected or withdrawn, is no longer legally before the jury, but is out of the case, and, the jury being instructed to disregard it, it is to be presumed that they follow the instruction. The defendant contends that the rule ought not to be applied in the case at bar, because the testimony was withdrawn, not as incompetent, but avowedly to remove all ground for exceptions. We think, however, that the rule does not depend on the motives which influence the withdrawal. The question is, did the withdrawal take the testimony out of the case. If it did, it is to be considered as if it had never been admitted. We think the withdrawal, being by consent of court, is to be regarded as the act of the court, and that in contemplation of law it purged the case absolutely of the testimony. The defendant insists that the testimony, though withdrawn, must inevitably have had an influ-

ence on the jury, and that this influence must have been aggravated by the statement of the prosecuting attorney, that he had other witnesses to reputation which he withheld because of the defendant's objection. We have no doubt that juries are often influenced by extrinsic matters. We regret to say, too, that there is reason to think that lawyers sometimes do and say things for the purpose of producing an effect on the minds of a jury which is not legitimate. Such conduct may afford ground for new trial, if there is reason to suppose the jury has been influenced by it, as indeed the erroneous admission of testimony, subsequently ruled out, may afford ground for a new trial, if there is reason to think the jury has been influenced by it. But the true mode of getting a new trial on such ground is by petition addressed to the discretion of the court, and not by bill of exceptions ; for we cannot presume that the jury has been influenced, and in a bill of exceptions the court exercises no discretion on matters of fact, but only grants a new trial where in point of law some material error has been committed. *Unangst* v. *Kraemer*, 8 W. & Serg. 391. The court does not get by a bill of exceptions the information which will enable it to exercise a judicial discretion. In the case at bar we are informed only in regard to what occurred in the matter of the rulings which are reported for revision. For anything that appears, the evidence against the defendant, independently of the evidence of reputation, may have been utterly overwhelming, and there may be no foundation whatever for the supposition that the jury was influenced either by the evidence of reputation or by the reprehensible remarks of the prosecuting attorney.

*Exceptions overruled.*

*Samuel P. Colt*, Assistant Attorney General, for plaintiff.

*Ziba O. Slocum & Augustus S. Miller*, for defendant.