## ALLEN v. THE STATE.

### COURT OF APPEALS, GALVESTON TERM, 1884.

*Disorderly House—Evidence.*——While it is perfectly competent to prove by general reputation, that an alleged house kept for purposes of public prostitution. was so kept, and as well the character of the inmates, and those who frequent it, it is not competent to prove by evidence of general reputation, or common rumor, that a defendent on trial for keeping such house, was in fact the keeper. See the opinion in extenso on the subject.

Appeal from Washington County.

*W. W. Searcy,* for the appellant.

*J. H. Burts,* Assistant Attorney General, for the State.

Opinion by White, P. J.

Appellant was convicted in the county court upon an indictment transferred from the district court charging him with keeping a disorderly house for purposes of public prostitution. Two bills of exception appear in the record which were reserved to the rulings of the court as to the admission of evidence on the trial. We notice the second bill solely with the view of calling atttention to a rule of practice. It is stated as ground of objection in the bill itself that

the State was permitted to prove by general rumor in the community that defendant was in the habit of sleeping in the house of ill fame. Explanations made by the judge to the bill shows how this evidence was elicited; that is, that the State asked the witnesses if they knew where the defendant slept? if he slept at the house? and if they had seen him at the house and sleeping at the house? Certainly these questions were entirely unobjectionable and legitimate. But if in answer to these questions, the witness or witnesses answered not from personal knowledge, but general rumor or reputation, such answers being illegal, the proper practice was to ask the court to exclude it from the jury, and in case of refusal to do so, to save a bill of exception to the refusal to exclude, and not to the admission, because the questions being legal, any answers to them might be admissible unless objected to and asked to be excluded. As presented in the record this second bill of exceptions could not avail the defendant, though we might be never so well satisfied that the evidence was of a character which should not have been admitted. A motion to exclude was his remedy.

The other bill of exceptions shows that the court over objection of defendant permitted the witnesses to prove that from hearsay and general reputation (and not from their personal knowledge) defendant kept the disorderly house. This presents the question : Can the fact as to who is the keeper of the disorderly house be proven by general reputation. It has been held time and again that proof by general reputation that the house is kept for purposes of prosti_ tution is both admissible and sufficient to establish its character as a disorderly house, (Morris v. State, 38, Texas, 603 ; Sylvester v. State, 42 Texas, 496 ; State v. Smith, 29 Minn., 192) and the character of the occupants and parties resorting to said house may also be established by similar testimony. Sylvester v. State, *supra*. There are however different questions from the one here propounded. General reputation as to the character of either the house or its occuponts, the purposes for which the house is kept or resorted to may well be subjects of general reputation—"for by the characters of such frequenters its business is advertised, and the intent of the keeper is evidenced." * * * "And though reputation pertains in a certain sense to hearsay, it is still proper evidence of character." 2 Bishop Criminal Practice, 3 ed., sections 112 to 116.

Mr. Bishop says, speaking of the keeper : "Keeping does not

necessarily require ownership, even such as is created by lease and occupancy thereunder; but it is constituted by such control over the the house and its inmates as pertains to the head or heads of a household. A prostitute merely occupying a room is not a keeper. And one may become a keeper in law by aiding the keeper in fact. Moreover, one who holds himself out as keeper, is presumed to be such." 2 Bishop Crim. Prac., Sec. 118. See also Duty's Am. Crim. Law, Sec. 106b.

A case very much in point upon the question is the State v. Hand 7 Iowa, 411. Ch. J. Wright in that case says : The offense charged is defined by the law to consist in keeping a house of ill fame resorted to for the purpose of prostitution or lewdness. The indictment is against the *keeper* and not against the house as a nuisance. To convict, the house must be shown to be a house of ill fame, resorted to for the purpose named, and that defendant was the keeper of it. Particular acts of prostitution or lewdness need not be proved. The counsel for the prosecution admit this much, and also that the character of the house may be fixed or shown by reputation or rumor. The objection is that the defendant cannot be made liable as the keeper of such a house by evidence of "common reputation as to his character." And this objection we believe to be well taken. The bad character of the prisoner is entirely immaterial in the first instance in determining whether he was the keeper of the house. And that he was the keeper must be shown in order to convict. * * * But the jury may conclude that he was such keeper by proof that he acted as such, or so held himself out to the world. Common reputation as to his character, however, is quite a different thing, and is not admissible to prove the crime here charged." 7 Iowa, 411. If common reputation as to his character is inadmissible, *a fortiori*, it ought to be inadmissible to prove the fact that he kept the house. Evidence of rumor or common report of a fact is not admissible if better evidence is obtainable, and certainly better evidence ought to be obtainable than mere common report or general reputation as to the fact here sought to be proved.

Because of error in the admission of this evidence, the judgment is reversed and the cause remanded.