[No. 3026.]

JOHN BURTON v. THE STATE.

1. DISORDERLY HOUSE—VENUE—PRACTICE.—Transcript on appeal must show affirmatively that the venue of the offense was proved on the trial. Otherwise, a conviction cannot stand.
2. SAME.—While the fact that the character of a house as a disorderly house, and that it is kept for the purpose of prostitution, may be proved by general reputation, such proof is inadmissible to prove that a person charged is the keeper of such house.

APPEAL from the County Court of Mitchell. Tried below before the Hon. J. W. Pierson, County Judge.

The opinion discloses the nature of the case. A fine of one hundred dollars was the penalty assessed against the appellant by a verdict of guilty.

No brief for the appellant has reached the Reporters.

J. H. Burts, Assistant Attorney General, for the State.

HURT, JUDGE. Appellant was convicted of keeping a disorderly house for the purpose of public prostitution. We are not informed by the statement of facts in what county the house was situated, charged to have been kept by defendant. There is no evidence tending to prove that the offense was committed in Mitchell county, the county of the prosecution. This is fatal to the conviction.

Upon the trial no witness swore that the defendant was the keeper or proprietor of the house. The prosecution proved that defendant was the proprietor or keeper, by general report and rumor. This character of testimony was not only insufficient, but clearly inadmissible. (*The State v. Hand*, 7 Iowa, 411; *Allen v. The State*, 15 Texas Ct. App., 320.)

It is well settled that proof by general reputation that the house is kept for purposes of prostitution, is both admissible and sufficient to establish its character as a disorderly house. But such proof it not competent to establish that a certain person is the proprietor or keeper of the house.

Because there is no proof of venue, and because the evidence fails to establish the fact that defendant was the keeper or proprietor of the house, the judgment is reversed and the cause remanded.

*Reversed and remanded.*

Opinion delivered May 10, 1884.