# Chicago & Alton R. R. Co.
## v.
## Benjamin C. Few.

1. EVIDENCE.—Where appellant was suing a railroad company in case to recover damages for an injury sustained by him through its alleged negligence, it was error to permit him to testify that he had a wife, mother, brother and sister dependent on him for support.

2. DUTY OF RAILROAD IN ADOPTING APPLIANCES FOR SAFETY OF SERVANTS.—It is the duty of a railroad company to adopt all such means and appliances for the safety of its servants, as experience has demonstrated to be necessary and can be safely used. But the burden of proof is upon the plaintiff, who charges negligence for not adopting a certain device, to show from a survey of the whole field that the means of protection could be safely adopted, and that it afforded the desired protection in one direction without the introduction of new perils in another.

APPEAL from the Circuit Court of Morgan county; the Hon. C. EPLER, Judge, presiding. Opinion filed May 22, 1884.

Messrs. BROWN, KIRBY & RUSSELL, for appellant; cited McGinnis v. C. S. B. Co., 49 Mich. 466; L. S., etc., Ry. Co. v. McCormick, 74 Ind. 440.

Mr. W. A. CRAWLEY and Mr. GEORGE W. SMITH, for appellee; cited C. & I. R. R. Co. v. Russell, 91 Ill. 298; I. & St. L. R. R. Co. v. Estes, 96 Ill. 470; Wabash Ry. Co. v. Elliott, 98 Ill. 481; C. & E. I. R. R. Co. v. Rung, 104 Ill. 641; Chicago v. Stearns, 105 Ill. 554.

HIGBEE, J. Appellee, Few, sued the railroad company in case to recover damages for an injury alleged to have been sustained by him through the negligence of the company, while employed by it as a switchman in its yard at Roadhouse, on the first day of February, 1883. The first count of the declaration charges that it was the duty of the company to block or wedge the frogs in its tracks in the yard with blocks or wedges of wood; that it failed in the performance of this duty, whereby appellee, while engaged in switching cars in said yard, and in the exercise of due care, caught his foot in one of said frogs, and was in consequence thrown upon the track, and one wheel of a flat car passed over his left arm and crushed it so that amputation became necessary. The second count charges negligence in the use of a defective automatic brake whereby appellee was injured.

A trial resulted in a verdict and judgment against the company, from which it appeals to this court and assigns for error the admission of improper evidence, the giving improper instructions in behalf of appellee, and overruling appellant's motion for a new trial.

Against the objections of appellant, appellee was allowed to testify that he had a wife, mother, brother and sister dependent on him for support. In The City of Chicago v. O'Bren-

nan, 65 Ill. 160, Chicago & North Western Ry. Co. v. Moran da, 93 Ill. 302, and Pittsburg, Fort Wayne & Chicago Ry. Co. v. Powers, 74 Ill. 341, it was held error to admit this evidence. These cases are decisive of this question.   In the Powers case it was said by the court, "Appellant can in no case be required to support the family of one of its employes who may be injured, even by the negligence of the servants of the company. Such a rule would be carrying the liability of such bodies beyond the liability of other persons, and would not accord with the analogies or principles of the law.   And to permit such evidence would be virtually to impose that duty upon the defendant.   It is impossible for us to know what portion of the verdict, in this case, was allowed, because appellee had a family.   The evidence was before the jury for the purpose of enhancing the damages, and we have no doubt it produced that result.   This was manifest error."   This reasoning is so conclusive of the question that we can add nothing to it.

The company is charged with negligence in not keeping blocks or wedges of wood in the frogs.   It appears by the evidence that such devices had occasionally been used in the yard where the accident occurred, but they had been broken and displaced by the wheels of the locomotives and cars, and there was no block in the frog in which appellee caught his foot when he fell and received the injury complained of.   No doubt had the frog been blocked with wood it would have been impossible for appellee to have caught his foot in the same; but this fact did not make it the duty of the company to introduce this device for the protection of the switchmen, if by so doing it would have materially increased the perils of its passengers or a larger class of employes in another direction.   There is no statute in this State requiring the frogs of railroads to be blocked, nor was there any evidence on the trial of the cause tending to show that such a device was safe and proper to be adopted.   The evidence that it would have prevented the injury to appellee did not go far enough; for so far as the jury could know, the blocks used for this purpose might be impracticable, or cause new dangers far more serious than those intended to be guarded against.   In view of the

fact that the only defect complained of in the frog was that it was not blocked with wood, the instruction given by the court in behalf of appellee, to the effect that it was the duty of the railroad company to furnish suitable and safe frogs, and that it was liable for all injuries sustained by reason of the use of defective frogs, must have been understood by the jury as requiring the use of these blocks. There was no other defect alleged to exist to which the instruction could refer. In this the court erred. Whether it was the duty of the railroad company to block its frogs was not a question of law to be decided by the court, but a question of fact to be found by the jury from the evidence; and in this case there was an entire lack of evidence upon which to base the instruction or to justify the court in submitting the question to the jury.

It is the duty of a railroad company in all cases to adopt all such means and appliances for the safety of its servants as experience has demonstrated to be necessary, and can be safely used. If, however, the adoption of a new device, which would afford protection against a particular danger, would introduce new dangers more serious than those it would guard against, the company could not be charged with negligence in refusing to adopt it, and the burden of proof is upon the plaintiff who charges the negligence, to show from a survey of the whole field that the means of protection could be safely adopted and that it afforded the desired protection in one direction without the introduction of new perils in another. McGinnis v. C. S. B. Co., 49 Mich. 466; L. S. Ry. Co. v. McCormick, 74 Ind. 440.

We are also of opinion that the court erred in overruling appellant's motion for a new trial for the reason that the verdict was not sustained by the evidence. The evidence does not show that the injury was caused by the alleged defect in the automatic brake, nor does it show, as we have seen, sufficient facts to charge appellant with negligence in not having blocked the frogs in the yard.

For these reasons the judgment is reversed and the cause remanded.

                    Reversed and remanded.