The L. & N. R. R. Co. v. Collinsworth.—Syllabus.

THE LOUISVILLE AND NASHVILLE RAILROAD COMPANY, PLAINTIFF IN ERROR, VS. ELI COLLINSWORTH, DEFEND-ANT IN ERROR.

1. The refusal of the trial court to instruct the jury to find a verdict for the defendant can not be considered by this court in the absence of a full and complete statement of all the evidence in the bill of exceptions.

2. In an action by an employe to recover damages for personal injuries it is not competent for him to testify what family he has, since the damages allowed are for the injuries in-flicted upon him, and not upon his family.

3. In such an action evidence of the size of the family of an em-ploye and its dependent condition is calculated to unduly enhance the damages and to influence the jury to give damages beyond what is a compensation for the injury re-ceived.

4. Where improper evidence has been admitted, the court should exclude it in express terms, and it is not enough to do so by implication.

This case was decided by Division A.

Writ of Error to the Circuit Court for Holmes County.

The facts in the case are stated in the opinion of the court.

*W. A. Blount* and *Daniel Campbell*, for Plaintiff in Error;

*D. L. McKinnon & Son*, for Defendant in Error.

SHACKLEFORD, J.

An action was instituted by defendant in error in the Circuit Court against plaintiff in error, a railroad com-

pany, to recover damages for injuries received by defendant in error on account of the alleged negligence of an employe of the company. The declaration as amended alleges that on or about the twenty-seventh day of June, 1896, plaintiff was engaged in loading one of the cars of the company, which had been placed upon a side-track at Westville for the purpose of being loaded with lumber for shipment, and that while plaintiff was in said car so engaged in loading, the defendant carelessly and negligently ran its train made up with an engine and cars with great force in, upon and against said car in which plaintiff was at the time and struck said car with such great force and violence as to cause the staves with which plaintiff was engaged in loading said car to be moved from their place and to strike plaintiff and to throw or knock him to a great distance and to the other end of said car, by and from which plaintiff sustaiend great injuries, which are of a lasting and permanent nature, the damages being laid at ten thousand dollars. The pleas were not guilty, and that the negligence of the plaintiff contributed to the injury complained of by remaining in the car in which the staves were being loaded after being warned that a switch was to be made and that he had better get out of the car. The trial was had which resulted in plaintiff recovering judgment for $2,500, from which the company sued out a writ of error.

There is no evidentiary bill of exceptions in the trans cript, and counsel for plaintiff in error have expressly abandoned all of the errors except two. The first error assigned, which is argued, is as to the refusal of the trial court to instruct the jury to find a verdict for the defendant. In disposing of this it is sufficient to say that this assignment can not be considered in the absence of a full

and complete statement of all the evidence in the bill of exceptions.

The second and only other error assigned which is argued, is that the court erred in permitting the plaintiff to be asked, over the objection of defendant company, the following question: "What size family have you?" The answer of witness to this question was, "I have two grown daughters married and off from home and seven children at home now. I provide for them myself. These seven are under thirteen years of age, the youngest being one and a half years, and there is a difference of about a year and a half between each of them." In admitting this testimony the trial judge stated, in the presence of the jury, that it was admitted only for the purpose of supporting plaintiff's testimony as to the amount of farm products raised by him as tending to show the value of his services—the plaintiff's testimony being that as a result of his injuries he was also incapacitated for work. In passing upon this point we may remark that the plaintiff was suing for injuries to himself, and that the damage to himself was the same whether he had no family or a large family. The effect upon his power to labor and produce was in question, and not the application of the results of his labor. We are of the opinion that in an action by an employe to recover damages for personal injuries it is not competent for him to testify what family he has, since the damages allowed are for the injuries inflicted upon him, and not on his family, and that in allowing this question and answer the court erred. Louisville & Nashville R. R. Co. v. Binion, 107 Ala. 645, 18 South. Rep. 75; Louisville & Nashville R. R. Co. v. Gower, 85 Tenn. 465, 3 S. W. Rep. 824; Driess v. Friedrich, 57 Texas, 70; Texas Mex. Ry. Co. v. Douglass, 69 Texas, 694, 7 S. W.

Rep. 77; Dayharsh v. Hannibal & St. J. R. Co., 103 Mo. 570, 15 S. W. Rep. 554; Pennsylvania Co. v. Roy, 102 U. S. 451; Pittsburg, Ft. Wayne & Chicago Ry. Co. v. Powers, 74 Ill. 341. As was aptly said in the case last cited, 'such evidence is well calculated to unduly enhance the damages, and to influence the jury to give damages beyond what is a compensation for the injury received. Appellants can in no case be required to support the family of one of their employes who may be injured even by the negligence of the servants of the company. Such a rule would be carrying the liability of such bodies beyond the liability of other persons, and would not accord with the analogies or principles of the law. And to permit such evidence would be virtually to impose that duty upon the defendant. It is impossible for us to know what portion of the verdict in this case was allowed because appellee had a family." And, as said in Texas Mex. Ry. Co. v. Douglass, *supra,* "nothing is better calculated to excite the sympathy of a jury than the idea of a poor and depentent family caused by the wrongful act or omission of another." It is contended, however, by counsel for defendant in error that there was no error in admitting this testimony for the reason that the court stated in the presence of the jury that it was admitted for a limited and specified purpose. We can not assent to this. In our opinion it was not the proper manner in which to prove the value of plaintiff's services. Where improper evidence has been admitted, the court should exclude it in express terms, and it is not enough to do so by implication. Pavey v. Burch, 3 Mo. 447; Arthur v. Griswold, Executrix, 55 N. Y. 400; Scripps v. Reilly, 35 Mich. 371; Remington v. Bailey, 13 Wis. 332; Henkle v. McClure, 32 Ohio St. 202; 3 Jones on Evidence, section 898.

The judgment is reversed and a new trial awarded, and it is so ordered, at the cost of the defendant in error.

| 45 | 407 |
| 50 | 228 |
| 50 | 229 |
| s50 | 231 |
| 51 | 157 |

| 45 | 407 |
| 52 | 181 |
| 52 | 365 |

| 45 | 407 |
| f53 | 374 |
| 53 | 425 |
| 54 | 478 |

| 45 | 407 |
| f58 | 312 |