(107 App. Div. 501.)

PURCELL v. DUNCAN CO.

(Supreme Court, Appellate Division, Third Department. September 13, 1905.)

DAMAGES—PERSONAL INJURY—EVIDENCE—FAMILY RELATIONS.

In an action for personal injuries, it was reversible error to admit evidence showing that plaintiff had two infant children as members of his family, though a part of the injury complained of was loss of virile power; the inquiry as to the extent of his family being made for the purpose of showing the number of children dependent on him for support.

[Ed. Note.—For cases in point, see vol. 15, Cent. Dig. Damages, § 496.]

Appeal from Trial Term, Saratoga County.

Action by Patrick Purcell against the Duncan Company. From a judgment for plaintiff, defendant appeals. Reversed.

The defendant was engaged in the manufacture of paper from wood pulp, and the plaintiff was employed by it as a carpenter, and, being at work by the month at such matters as from time to time became necessary to be performed, was set to work to relay slate upon a certain roof on one of its buildings. This roof was over the room in which the wood was treated with acids and turned into pulp for the manufacture of paper, and on this account the rafters and roof boards, which were exposed to view from the ground up, had become very much decayed, and as a matter of fact in some places were unable to hold up the man who walked across them. The plaintiff, in the course of performing such work, walked across a portion of the roof, which broke through, and he fell to the ground beneath and was severely injured. He seeks to recover upon the theory that the defendant neither furnished him a

safe place in which to do the work nor gave him notice that it was not safe. The defendant replies that plaintiff had for several years worked in and about the premises, and was well acquainted with the operation of the acids and with the condition of the roof in question; that no fact was known, or could have been known to the defendant that was not as well known and as apparent to the plaintiff; and that, if the plaintiff had used reasonable care in working upon the roof, he would not have broken through, nor suffered any injury whatever. The defendant also claims that the danger arising from a decayed condition of the roof was one of the risks necessarily assumed by the plaintiff in the operation of relaying the slate. The jury found a verdict for the plaintiff for $15,000, and from the judgment entered thereon, and from an order denying a new trial on the minutes, this appeal is taken.

Argued before PARKER, P. J., and SMITH, CHASE, and CHESTER, JJ.

Edward W. Douglass and Lewis E. Carr, for appellant.

John Scanlon and Edgar T. Brackett, for respondent.

PARKER, P. J. If it be conceded that the evidence in this case was properly submitted to the jury, with correct instructions as to the law of the case, and that such jury reached a correct conclusion as to the facts, yet this judgment must be reversed, for the reason that immaterial evidence was improperly received by the trial judge under the defendant's objection. At folio 7 of the case, the plaintiff, being on the stand as a witness in his own behalf, had testified that he was 37 years of age and was married, and had resided in Mechanicville six or seven years. He was then asked: "What family have you?" This question was objected to by the defendant as immaterial. The objection was overruled, and the defendant excepted. The plaintiff then answered:

"Two children. I had two children at the time of my injury. At that time I was living on Saratoga avenue, keeping house."

There was no issue presented in this case to which this evidence was at all material. The action being to recover for his personal injuries, the question as to the size of the family, or the number of children he had to support, had no bearing whatever upon the question as to what was an adequate compensation for the injuries he had received. The elements which combine to determine that question are the same, whether the plaintiff be married or single, rich or poor. Shaw v. Boston & Worcester R. R. Co., 8 Gray (Mass.) 45; 2 Wood on Railroads (2d Ed.) p. 1416; Abbott's Trial Evidence (2d Ed.) pp. 756, 757; Alberti v. N. Y., L. E., etc., R. R. Co., 118 N. Y. 77, 82, 23 N. E. 35, 6 L. R. A. 765.

Such evidence being so clearly immaterial, it was a plain error to receive it; and the serious question is, was it a harmful error? Doubtless the trial judge gave it very little consideration, because it seemed at the time so utterly irrelevant as to be altogether harmless. But an examination of the authorities shows usually upon appeal such evidence has not been so considered. It is unnecessary to discuss what was the purpose of offering such irrelevant testimony, or how much effect it actually had upon the amount which the jury have awarded to the plaintiff as compensation for

his injuries. It clearly had a tendency to awaken their sympathies, and thus influence their judgment in the direction of a greater award; and so, within the well-settled rule enunciated in Lipp v. Otis Bros. & Co., 161 N. Y. 559, 56 N. E. 79, it must be deemed a harmful error. See, also, Smith v. Lehigh Valley R. R. Co., 177 N. Y. 379, 384, 69 N. E. 729.

The plaintiff contends that this evidence was not immaterial, for the following reason: that a part of the injury complained of was the loss by plaintiff of his virile power, and the fact that he had children before the accident went to prove that at such time he could beget them. In the first place, no such special injury or loss is claimed or set up in the complaint. It is not a material issue, then presented in the action, whether one of the elements of plaintiff's injury was a loss of his power to beget children. But, if such a question had been presented, the plaintiff was not asked whether he had ever begotten any children. The inquiry was as to the extent of his family, and the answer showed that he then had two minor children for whom he was then providing. Evidently the question was not directed to the proof of any fact affecting his virile power, but was intended to show the extent of the burdens which he was called upon to support, and thus put before the jury an element bearing upon the question of his compensation which they had no right to consider. The question is practically the same in form as the one in Pennsylvania, etc., R. R. Co. v. Roy, 102 U. S., 451, 26 L. Ed. 141, which was condemned as being both immaterial and harmful, and held to require a reversal of the judgment. This case is cited with approval in Lipp v. Otis Bros. & Co., supra, and is a controlling authority in this case. For this reason the judgment must be reversed.

Judgment reversed, and a new trial granted, with costs to the appellant to abide the event. All concur.

SMITH, J. (concurring). I am unwilling to agree that in all cases where the plaintiff has recovered a verdict in an action for negligence an error in allowing the plaintiff to swear that he has two children is reversible error. Where a plaintiff in such a case, however, would support a judgment upon a verdict for $15,000, the defendant has a right to insist upon a stricter rule in scrutinizing any evidence improperly admitted which might tend to enhance damages.

I am not entirely satisfied, either with the course which this trial took at the circuit or with the questions submitted to the jury. If it had not been for the deterioration in the roof timbers caused by the acid fumes, such an accident as here happened would seem to be chargeable as much to the negligence of the plaintiff as of the defendant. The plaintiff had worked as a carpenter for the defendant for four years, doing repair work in the different buildings which constituted defendant's plant. Any weakness of the timbers of that plant from ordinary causes might have been ascertained by plaintiff, and should have been ascertained by him before going

upon a roof, even though the specific direction then given was simply to slate the roof. It would seem to me difficult to sustain a verdict in this case, except upon the theory that the defendant was negligent in not ascertaining the effect of the acid fumes upon the timbers of the mill, and in not informing the plaintiff of such effect. If a jury should find that such was the duty of the defendant in the exercise of reasonable care for their employés, it should then be directed to find whether the plaintiff, with such knowledge as he had of the effect of acids upon the wood, should not, in the exercise of reasonable care, have acquired knowledge of the effect of these acid fumes independent of any information from the defendant. If both of these questions should be found in favor of the plaintiff, a verdict in his behalf might have a legal foundation upon which to rest. The verdict here found would be more satisfactory if founded upon a charge specifying in just what particular the defendant might legally be charged with dereliction.