### J. W. BAHR v. NORTHERN PACIFIC RAILWAY COMPANY.[1]

June 14, 1907.

Nos. 15,084—(35).

**Damages—Mental Anguish.**

In an action for personal injuries, the mental anguish or suffering which can be proved is such only as is endured by the plaintiff as the direct consequence of injury to himself.

**Evidence.**

A sufficiently definite objection to evidence concerning the number and ages of his children should be sustained.

**Harmless Error.**

In view of the amount of the verdict in this case, which is held not to have been excessive, and of other circumstances, the error in permitting plaintiff to state the number and ages of his children in answer to preliminary questions is *held to* be without prejudice.

Action in the district court for Anoka county, to recover $2,000 for personal injuries. The case was tried before Giddings, J., and a jury, which rendered a verdict in favor of plaintiff for $1,775. From an order denying a motion for a new trial defendant appealed. Affirmed.

*Emerson Hadley,* for appellant.

*F. E. Latham, A. F. Pratt,* and *Daniel Fish,* for respondent.

JAGGARD, J.

Plaintiff and respondent, employed as a brakeman for defendant and appellant railway company, brought suit to recover injuries caused by a fall when he was attempting to jump from the engine on which he was riding as it was about to collide with a train on the track on which it was running. It is conceded that there was sufficient evidence of negligence, and that it was a question for the jury to determine whether or not plaintiff was justified in jumping from the engine. The jury returned a verdict for $1,775. The appeal was taken from the order denying a new trial.

The preliminary question is whether or not the damages awarded by the jury were excessive and were given under the influence of prejudice

[1] Reported in 112 N. W. 267.

or passion. Plaintiff's testimony tended to show these facts: By his fall he was hurt in his back and hips. Suffering pain, he was immediately sent to a railway company hospital. His back was so lame and sore that he could hardly move. He had no appetite and could eat nothing. The hospital surgeon told him that his back was sprained. He left that hospital, and some two weeks afterwards went to another, where he has been ever since. Since then he has suffered pain in his kidneys, at the base of the spine, and across the small of his back. He had not been able, at the time of the trial, March 23, 1906, to do any work since he was hurt, December 2, 1905, although he was improving. He had been able to earn $80 per month. He was largely corroborated by his physician. There was expert testimony tending to show a tenderness in his back and around his spine. His attending physician testified that he will fully recover in time, but that he could not tell "how long it would be."

While plaintiff's expert testimony was substantially impeached in a number of respects, and especially as to injury to glands, and while there were no clear objective evidences of internal injury, the trial judge refused to grant a new trial. The verdict was large under the circumstances, but we think we would not be justified in reversing the ruling of the trial court in this regard.

The second question in the case concerns the propriety of the reception by the court of certain evidence. When the case was called for trial the plaintiff was put on the stand, and was immediately asked the following questions and gave the following answers:

> Q. You are the plaintiff in this action? A. Yes, sir. Q. What do you call your home? A. Duluth, Minn. Q. You are a married man? A. Yes, sir. Q. Wife and two children? (Objected to as irrelevant and immaterial. Court: Overruled. Mr. Hadley: Exception.) A. Yes, sir. Q. Your wife and two children are now living where? (Objected to as irrelevant and immaterial. Court: Overruled.) A. At my wife's parents. Q. Where is that? A. In the southern part of this state. Q. How old are you? A. Thirty-one years.

It is plain that these were preliminary questions. Such matters of inducement conventionally precede testimony as to the actual occur-

rences. It is elementary that in an action for personal injuries the mental anguish or suffering which can be proved is such only as is endured by the plaintiff as the direct consequence of injury to himself, and that the number and ages of plaintiff's children have no legitimate bearing upon any issue usual in such a case. Pennsylvania Co. v. Roy, 102 U. S. 451, 26 L. Ed. 141; Kreuziger v. Chicago, 73 Wis. 158, 40 N. W. 657; Baltimore & Ohio R. Co. v. Camp, 81 Fed. 807, 26 C. C. A. 626; City of Chicago v. O'Brennan, 65 Ill. 160; Pittsburg v. Powers, 74 Ill. 341; Dayharsh v. Hannibal, 103 Mo. 570, 577, 15 S. W. 555, 23 Am. 900; Mahaney v. St. Louis, 108 Mo. 191, 18 S. W. 895; Louisville v. Binion, 107 Ala. 645, 18 South. 75; Purcell v. Duncan, 107 App. Div. 501, 95 N. Y. Supp. 278; Union Pacific v. Hammerlund, 70 Kan. 888, 79 Pac. 152; Louisville v. Collinsworth, 45 Fla. 403, 33 South. 513; Sesler v. Rolfe, 51 W. Va. 318, 41 S. E. 216; Sykes v. St. Louis, 88 Mo. App. 193; Chicago v. Few, 15 Ill. App. 125; St. Louis v. Adams, 74 Ark. 326, 85 S. W. 768, 86 S. W. 287, 109 Am. St. 85; Kansas City v. Eagan, 64 Kan. 421, 67 Pac. 887.

While it is true that in this case the ages of the children were not given, the trial judge, if a sufficiently specific objection had been raised, should have excluded the testimony. This court, in conformity with the universal trend of opinion, has refused to set aside a verdict because of the reception of improper evidence despite indefinite, general, or misleading objections. Graves v. Bonness, 97 Minn. 278, 107 N. W. 163. It may well be doubted whether in this case the exception was sufficiently definite. It did not point out to the court whether the basis of the objection was to the remoteness of the matter of inducement, or to its impropriety as affecting the assessment of damages. We think, however, that the essential question here presented is, not whether the ruling was theoretical error, but whether it was prejudicial error.

In Keyes v. Minneapolis & St. L. Ry. Co., 36 Minn. 290, 294, 30 N. W. 888, plaintiff was allowed to testify that he had suffered the greatest anxiety, not for himself, but for his wife and daughter. The court held that this was error, but, per Judge Mitchell, said: "While we fully appreciate the danger of assuming that the admission of incompetent evidence is not prejudicial, yet in this case it is hardly conceivable that the mere statement that plaintiff felt this anxiety for the safety of his wife and daughter could have had any appreciable influence upon

the jury. Under the evidence the plaintiff was almost entitled to a verdict as a matter of law. Exemplary damages were expressly excluded by the court, and the amount of the verdict is clearly within the actual money damages proved by the plaintiff. We think the admission of this evidence was error without prejudice."

In the case at bar, there was no express attempt to show anxiety as a part of damages recoverable, nor to connect this testimony with their assessment; nor does it appear that it was employed in any wise for their enhancement. The only prejudice would have been indirect, uncertain, and speculative. The plaintiff was fairly entitled to some verdict. The trial court charged correctly as to the measure of his compensation. The jury awarded a sum which, as has hereinbefore been set forth, it properly refused to disturb. We think the error, if any, was without prejudice.

Order affirmed.

LEWIS and ELLIOTT, JJ.

The question with reference to where the children were living was neither relevant nor material for any purpose whatever, the objection was specific and sufficient, and the court erred in overruling it; but we concur in the view that it was error without prejudice.