# DECISIONS

OF THE

# Supreme Court of Florida

## JANUARY TERM, 1909.

Mose Daniels, Luther Russ and Silas Daniels, *Plaintiffs in Error*, v. The State of Florida, *Defendant in Error*.

1. When there are two or more defendants in a criminal prosecution, an order of the trial court granting or denying a motion for severance is largely discretionary, and in general will not be disturbed by an appellate court when the motion is unsupported and no abuse of discretion appears.

2. Before statements made at a coroner's inquest by a person when in custody of the sheriff can be shown in evidence against the defendant on his trial, it should clearly appear that he was fully advised of his rights in making the statements and that after being so advised the statements were voluntarily made.

3. Testimony as to confessions of guilt, as distinguished from mere statements of other facts, should be received in evidence on a trial with caution especially where the party is under arrest when the confession is made; and testimony as to confessions of guilt made to officers or when under arrest is not admissible in evidence at the trial unless it is clearly shown that the confession was voluntarily made after the party is fully advised of his rights under the law.

4. A confession of guilt in committing a crime is an acknowledgment of the criminal act or of the facts that constitute the crime. Statements of facts or circumstances that do not in effect or by inference admit the commission of a crime do not in general constitute a confession of guilt of a crime.

5. Statements other than confessions of guilt of a crime are in general admissible in evidence against the party making them as other admissions against interest. But where the statements are made before a magistrate by a person when under arrest accused of the crime, evidence of such statements is in general not admissible unless it appears that the party was advised of his rights and then voluntarily made the statements.

6  In a prosecution for murder, evidence tending to show motive is admissible for that purpose.

7. Where evidence as to a confession made by one of several defendants, who are being tried jointly, implicates the other defendants who were not present when the confession was made, the court should then instruct the jury to disregard the reference in the confession to the defendants not present when the confession was made.

8. Where there is no testimony as to self defense, a charge upon that subject is not required.

9. Where the evidence is sufficient to sustain a verdict of guilty as to one only of three defendants found guilty, the judgment of conviction as to the one may be affirmed and as to the others reversed.

This case was decided by Division A.

Writ of Error to the Circuit Court for Walton County.

The facts in the case are stated in the opinion of the court.

*Daniel Campbell & Son,* for Plaintiffs in Error.

*Park Trammell,* Attorney General, for the State.

WHITFIELD, C. J.—The plaintiffs in error were convicted of murder in the first degree. Mose Daniels was

sentenced to be hanged.   Luther Russ and Silas Daniels
being recommended to mercy were sentenced to the pen-
itentiary for life.   Writ of error was taken.   At the
trial the court denied a motion by Silas Daniels and
Luther Russ for severence upon the grounds (1) that
Mose Daniels had confessed his guilt and implicated
movants; (2) that movants have a defense separate from
that Mose Daniels may have; (3) that confessions of
Mose Daniels implicating movants will be improper and
injurious to movants.   This motion was not supported
by affidavit or otherwise.

While subsequent developments of the trial indicate
that it would have been advisable to grant the severance,
the court will not be held in error for denying the un-
supported motion, since the granting or denial of a mo-
tion for severance is largely discretionary, and such rul-
ings will not in general be disturbed where the motion is
unsupported and no abuse of discretion is shown.   See
Robertson v. State, 40 Fla. 509, 24 South. Rep. 474.

Separate statements of  testimony given and signed
by Silas Daniels and Luther Russ at the coroner's in-
quest while in the custody of the sheriff were admitted in
evidence over objection by the defendants.   The parties
were taken from jail three times and examined before
the coroner.   It appears that they were not advised of
their rights each time they were examined and it does
not appear that the statements offered in evidence were
made at the time the parties were advised of their rights
as to testifying.

While the testimony of Silas Daniels was expressly
admitted as evidence against him and for no other pur-
pose, the testimony of Luther Russ was not admitted
solely as evidence against him.   Before statements made
before the coroner by a person when in custody of the
sheriff can be shown in evidence against him on his trial

it should clearly appear that he was fully advised of his rights in making the statements and that after being so advised the statements were voluntarily made. See Jenkins v. State, 35 Fla. 737, 18 South. Rep. 182.

Testimony as to confessions of guilt as distinguished from mere statements of other facts should be received in evidence on a trial with caution especially where the party is under arrest when the confession is made; and testimony as to confessions of guilt made to officers or when under arrest is not admissible in evidence at the trial unless it is clearly shown that the confession was voluntarily made after the party is fully advised of his rights under the law. See Green v. State, 40 Fla. 474, 24 South. Rep. 537; McNish v. State, 47 Fla. 69, 36 South. Rep. 176.

A confession of guilt in committing a crime is an acknowledgment of the criminal act or of the facts that constitute the crime. Statements of facts or circumstances that do not in effect or by inference admit the commission of a crime do not in general constitute a confession of guilt of a crime.

Where a person is on trial for a crime, evidence of a confession of guilt of the crime previously made by such person is in general not admissible unless it appears that the confession was entirely voluntary. If such confession is made while the party is under arrest or charged with the crime, evidence of the confession is not admissible on the trial unless it is made to clearly appear that the party was fully advised of his rights and that after being so advised the confession of guilt was freely and voluntarily made under circumstances that afforded no undue influence in procuring the confession.

Statements other than confessions of guilt of a crime are in general admissible in evidence against the party making them as other admissions against interest. But

where the statements are made before a magistrate by a person when under arrest accused of the crime, evidence of such statements is in general not admissible unless it appears that the party was advised of his rights and then voluntarily made the statements. See State v. Campbell, 73 Kan. 688, 85 Pac. Rep. 784, 9 Am. & Eng. Anno. Cas. 1203.

The statements made before the coroner are not confessions, but as the parties were in the custody of the sheriff when the statements before the coroner were made, they should have been fully advised of their rights when each statement was made; and when the statements were admitted in evidence at the trial the jury should have been then instructed that each statement is received only as evidence against the person making it, and that it is not evidence against any other person.

This is not a case where statements involving another are made in his presence when he was at liberty to respond to the statements.

Considering the character and meagreness of the whole testimony adduced against Silas Daniels and Luther Russ it cannot be said the admission in evidence of the statements made before the coroner under the circumstances stated was not harmful to them. The entire testimony against Mose Daniels is such that the references made to him in the statements before the coroner appear not to have been harmful to him.

No error appears in the admission in evidence of an indictment against Silas Daniels on which the name of the deceased was endorsed as a witness for the State, or of an affidavit made by the deceased before a committing magistrate charging Luther Russ with a criminal offense. These documents tended to show motive as to Luther and Silas and were admissible for this purpose. West v. State, 42 Fla. 244, 28 South. Rep. 430. The in-

dictment and affidavit were not harmful to Mose Daniels.

In relating a confession made to him by Mose Daniels not in the presence of Silas or Luther, a witness after relating a confession by Mose of his guilt, in response to repeated requests to "go ahead and state the conversation between you and Mose Daniels," testified that Mose Daniels "said he had shot Jesse Jones and the two boys that was with him broke and run but that the two boys run, he did'nt say whether they were with him or not." The defendants had objected to questions calling for evidence or statements made by Mose Daniels tending to implicate others if they were not present, and the testimony above quoted does not appear to be a necessary part of the confession of Mose as to his guilt. The court did not then expressly instruct the jury to disregard the reference to others in the confession made by Mose Daniels even if that would have removed from the minds of the jury the effect of the testimony unnecessarily adduced. Louisville & N. R. Co. v. Collinsworth, 45 Fla. 403, 33 South. Rep. 513; Gardner v. State 55 Fla. 25, 35, 45 South. Rep. 1028.

Where there is no testimony as to self defense a charge upon that subject is not required.

Neither of the defendants testified at the trial. The evidence is circumstantial except as to the confession testified to as having been made to witnesses by Mose Daniels that he killed the accused. This confession was not contradicted and is strongly corroborated by the circumstances. The evidence adduced against Luther Russ and Silas Daniels even if in all respects properly admissible under the circumstances is not sufficient to warrant a verdict of murder against them. See Baldwin v. State, 46 Fla. 115, 35 South. Rep. 220 where the judgment as to one defendant was affirmed, and as to the other reversed on the evidence.

There is evidence sufficient to sustain the verdict as to Mose Daniels, but not as to Luther Russ and Silas Daniels.

The judgment is affirmed as to Mose Daniels; and as to Luther Russ and Silas Daniels the judgment is reversed and a new trial awarded.

SHACKLEFORD and COCKRELL, JJ., concur.

TAYLOR, HOCKER and PARKHILL, JJ., concur in the opinion.