18 P.(2d) 1019

## MIRANDA v. HALAMA–ENDERSTEIN CO.

### No. 3689.

Supreme Court of New Mexico.

Jan. 30, 1933.

Robert H. La Follette, of Albuquerque, for appellant.

James G. Fitch, of Socorro, for appellee.

WATSON, C. J.

Appellee recovered verdict and judgment for $1,000 for personal injuries sustained by falling through a hole in the floor into the basement of a building owned by one Scholle, and in which, as lessee, appellant corporation was carrying on a general merchandise business.

Both the owner and the lessee of the premises were sued. Appellant alleged facts in its separate answer calculated to show that the negligence, if any, in making and maintaining the hole, was that of its codefendant, Scholle. These allegations were stricken out upon Scholle's motion.

At the close of plaintiff's case, the defendants separately moved for directed verdict. Defendant Scholle's motion was sustained, and appellant's was overruled. Thereupon the case proceeded, resulting in the individual judgment against appellant.

Appellant's present counsel did not participate in the trial.

▇ It is first urged that the court erred in striking the above-mentioned allegations from appellant's answer, and that it was prejudicial, in that it deprived appellant of the defense that its codefendant was alone guilty of the negligence alleged, if there was any negligence.

This point is not well taken in theory, since appellant's general denial of negligence was sufficient to admit proof that the proximate cause of the injury was the negligence of a third person. Sais v. City Electric Co., 26 N. M. 66, 188 P. 1110. Nor does the record disclose that the action of the trial court resulted practically as claimed. The matter of Scholle's responsibility for the condition was gone into apparently as fully as appellant desired, and without objection.

▇ At one point in the instructions the trial court charged, in substance, that, if there was a hole in. the floor, and plaintiff, without any knowledge of its existence or reason to apprehend danger therefrom, fell into it and was injured, the jury should find for the plaintiff and against the defendant. ·It is urged that this instruction was erroneous as holding appellant to an excessive degree of care; in fact, making it an insurer of plaintiff's safety. This is no doubt a just criticism. It cannot avail appellant here, however, since it failed to object or except at the time. That the court fell into the error inadvertently is evident from the fact that at another place in the instructions the jury was informed that appellant was not to be held as an insurer, but only to such care as an ordinarily prudent person would use to make the premises safe for its invitee.

▇ Over repeated objections, appellee was allowed to show that her husband had been sick for fifteen years, and unable to work, and that his support fell upon her. Appellant contends that the evidence was irrelevant as a measure of damages—on which question it could alone have any bearing—and that, as it contained an appeal to sympathy, it was prejudicial.

It seems to be generally held that evidence of the injured plaintiff's domestic relations is irrelevant to the question of damages, and that, when of a nature calculated to prejudice, its admission will constitute reversible error. See cases collected in notes 85 Am. St. Rep. 835; 10 Ann. Cas. 288; 17 C. J. 1036.

Counsel contends that he properly pictured appellee as capable of caring for a sick husband before, and incapable of so doing after, the accident, as measuring the extent of her injuries. It can seldom be necessary or proper to employ this class of evidence for that purpose, and we are not impressed that there was occasion for it in this case. If ever necessary, its effect should be limited by instruc-

tion, and the jury warned not to use it for any other purpose.

But such does not seem to have been its purpose here. It was made a special element of damage. The jury was instructed: " * * * You may find such damage as will reasonably compensate the plaintiff for her pain and suffering and such loss by reason of her inability to nurse her invalid husband. * * * "

We know of no such element of damage. If we were to consider that the court meant that appellee might be compensated for pain and suffering caused her by her inability to nurse her husband, the situation is scarcely improved. The author of the above-cited note, 10 Ann. Cas. 288, says, citing Maynard v. Oregon R. Co., 46 Or. 15, 78 P. 983, 68 A. L. R. 477, Bahr v. Northern Pacific R. Co., 101 Minn. 314, 112 N. W. 267, Texas Mexican R. Co. v. Douglass, 69 Tex. 694, 697, 7 S. W. 77: "The contention that the evidence is admissible on the theory that the mental anguish of the plaintiff in contemplating the inconvenience and hardships of those dependent upon him for support is an element of damages, is untenable."

Finally, it is contended that the cause of action being for a joint tort, and the co-defendant having been found not guilty, it follows that there was no joint tort, and that it was error to go on with the case against appellant as for an individual tort.

Passing the fact that this proposition is presented here for the first time, we think it unsound. " * * * Where two or more are sued (for a joint wrong) one cannot complain because another has been dismissed out of court or been acquitted. Though two or more are sued and a joint tort alleged, the general rule is that a recovery may be had against one only." Cooley on Torts (3d Ed.) 227. See, also, 18 C. J. 1162; 26 R. C. L. 781; note, 14 Ann. Cas. 1142. Cases cited by appellant illustrate a minority doctrine which we know of no reason for accepting.

A question as to a trial amendment need not be decided, in view of the present result.

For the error pointed out in the admission of the evidence, the judgment is reversed. The cause will be remanded for new trial. It is so ordered.

HUDSPETH and SADLER, JJ., concur.

ZINN, J., did not participate.

BICKLEY, J. (dissenting).

To the extent that plaintiff's domestic relations established her as a married woman with a living husband, this was admitted by defendant's answer.

Defendant disclaimed knowledge sufficient to form a belief as to the extent of plaintiff's injuries in some respects, but, as to her allegation that as a consequence thereof she had "been unable to do housekeeping and tend to and nurse her invalid husband," defendant took no legal exception otherwise than hereinafter noted, but denied the same. This issue was the basis of the instruction (not objected to) quoted in the opinion of the majority.

The evidence that plaintiff's husband had been sick for fifteen years and was unable to work was offered, doubtless, to support the issue thus tendered by plaintiff.

It seems to me that an injured person may describe his vocation as bearing upon the consequences of incapacity to pursue it. The trial court at one point said that the evidence was admitted "to show general incapacity."

The law of this state (section 68-105, Comp. 1929) commands the wife to support the husband when he has no separate estate, and there is no community property, and he is unable, from infirmity, to support himself.

Under such circumstances, it seems appropriate for the injured wife in this case to show that she was one upon whom the law had imposed an obligation, and that her injuries, occasioned by defendant's negligence, were of such an extent as to deprive her of the capacity to discharge such obligation.

Appellant in its brief is content to assert without elaboration that the evidence was not relevant or material as an element of plaintiff's damages to herself. "As a quality of evidence 'relevancy' means applicability to the issue joined." Black's Law Dictionary. There is a conflict in the decisions as to whether the issue, supra, is appropriate to the measure of damages. If defendant was content to let the issue tendered go unchallenged, and join issue and permit the court to instruct upon it, I think, under the circumstances, the error, if any, in the admission of the evidence, was cured. The defendant by joining issue, and permitting the instruction, seemed to concede that the cause of action existed, but asserted by affirmative answer that plaintiff was "a married woman residing with her husband in the State of New Mexico, and that the cause or causes of action alleged in the complaint were, and are, the property of the married community of the plaintiff and her husband, and that the husband is the proper party to sue for the same, and is the necessary party to the action." One cause of action arises, doubtless, from the violation of the wife's right of personal security. Another may be the right of the husband to recover damages for the consequential injury to him caused by the loss of the services of his wife and the expenses incurred by her injuries. By some courts it is said that the wife may maintain the first and the husband the second. McKay says the right of action for injury to the wife is not community property, at least until reduced to judgment, and that the character of the judgment as separate or common takes its character from the right violated. It seems to be principally a question of parties. But, as no ruling of the trial court was invoked on this interesting question, I mention it merely for emphasis to my assertion that the defendant accepted the issue tendered by the plaintiff.

I must therefore register my dissent.