# PITTSBURG, FORT WAYNE AND CHICAGO RAILWAY CO.

## *v.*

## PIERCE POWERS.

| 74 | 341 |
|----|-----|
| 143 | 174 |
| 74 | 341 |
| 174 | 336 |
| 74 | 341 |
| 101a | [1]157 |
| 74 | 341 |
| 198 | [1]204 |
| 74 | 341 |
| e103a | [4]140 |
| 74 | 341 |
| 208 | [4]205 |
| 110a | [4] 13 |

1. MEASURE OF DAMAGES — *injury to servant from negligence of the master.* In a suit by a servant of a railway company against the company to recover damages for a personal injury received while in the company's service, it is error to admit evidence that the plaintiff had a family and was unable to support them by his labor since the injury. To admit such evidence is virtually to impose upon the company the duty of supporting the plaintiff's family, which the law does not require in the case of a servant injured in its employ even by the negligence of the company.

2. CONTRACT *to labor on railroad track — construction.* Where a person is employed to labor on the track of a railroad, generally, it will be presumed that it shall be at any place the company may designate within a reasonable distance from the place of employment, and the company should not, for that reason, be liable for an injury received whilst at work at a place different from that at which he had been accustomed to work.

3. MASTER AND SERVANT — *duty to adopt reasonable rules and regulations to protect employees.* It is the duty of a railway company to make all reasonable and proper regulations for the safety of its employees. And this being an affirmative fact, it devolves on the company to show an observance of the duty when sued by a servant for an injury received while in its service, and negligence is shown. On such a showing the presumption will be that the negligent act was done in violation of its rules, and the company will not be liable for the act of its servants, disobeying such regulations, unless the servant inflicting the injury was incompetent and the company knew it, or had reasonable and proper means of knowing it.

4. SAME — *liability to servant for acts of co-servant.* It has been repeatedly held by this court that a servant of a railway company may recover of the company for an injury occasioned by the negligence of a fellow-servant, where the two are not employed in the same line of business, or their employment is wholly separated and disconnected.

5. SAME — *whether servants are in same line of employment.* Where a servant of a railway company employed to work on the track, was run over and injured by an engine through the carelessness of the engineer of the company, it was *held* that the servant injured was not engaged in the same line of employment as the engineer, and might recover of the company for the injury the same as any other person not in its service, if he acted with prudence on his part.

6. INSTRUCTIONS — *must be based on evidence.* Where there is no evidence on which to base an instruction, it is not error to refuse the same, but a judgment will not be reversed for giving an instruction containing an abstract proposition of law, which this court can see did not mislead the jury.

APPEAL from the Superior Court of Cook county; the Hon. JOHN BURNS, Judge, presiding.

This was an action on the case, brought by Pierce Powers against the Pittsburg, Fort Wayne and Chicago Railway Company, to recover damages for a personal injury received while ditching the track in the defendant's yard. It appears that this yard was filled with tracks, and trains were moving in all directions on them. While the plaintiff was thus engaged, with others, an engine was driven upon him without any warning or signal of its approach. A trial was had which resulted in a verdict and judgment in favor of the plaintiff for $3,500.

Mr. F. H. WINSTON, and Mr. GEORGE WILLARD, for the appellants.

Messrs. DICKEY & CAULFIELD, for the appellee.

Mr. CHIEF JUSTICE WALKER delivered the opinion of the Court:

In the month of October, 1866, appellee, whilst in the employment of appellants, and at work by order of his superior, on the track of their road, was run over and injured by a locomotive of the company. The locomotive was being operated at the time by one Davis, employed as an extra engineer, or a person whose duty it was to take engines, on their arrival, to the round-house, and to bring others therefrom to be used on the road. The injury was received at the town of Valparaiso, in the State of Indiana. Appellee brought suit against the company to recover for his injuries. A trial was had by the court and a jury, resulting in a verdict, and after overruling a mo-

tion for a new trial, a judgment was rendered against defendants, from which they appeal to this court.

It is urged as ground of reversal that the court below erred in admitting evidence that the defendant had a family and was unable to support them by his labor since his injury. In the case of the *City of Chicago* v. *O'Brennan*, 65 Ill. 160, it was held error to admit such evidence; that the evidence must be confined to the plaintiff, his injuries, capacity for business and the probabilities of his recovery from the injuries received. Such evidence is well calculated to unduly enhance the damages, and to influence the jury to give damages beyond what is a compensation for the injury received. Appellants can in no case be required to support the family of one of their employees who may be injured even by the negligence of the servants of the company. Such a rule would be carrying the liability of such bodies beyond the liability of other persons, and would not accord with the analogies or principles of the law. And to permit such evidence would be virtually to impose that duty upon the defendant. It is impossible for us to know what portion of the verdict in this case was allowed because appellee had a family. The evidence was before the jury for the purpose of enhancing the damages, and we have no doubt it produced that result. This was manifest error.

It is next urged that the court below erred in giving and refusing instructions. The fifth of plaintiff's instructions was wrong, inasmuch as it authorized the jury to consider all of the circumstances of his case, as shown by the evidence. This authorized them to consider the fact that he had a family, which we have seen they should not have been permitted to take into consideration. Had that evidence not been admitted the instruction would have been proper. His second instruction was erroneous, as there was no evidence that appellee was employed to work at any particular place, but it shows that the section foreman has no power to so employ men, and that it is customary to remove them from point to point as

their labor may be needed in repairing the track. And this must be so from necessity. If employed to work at a specified point, they could not, in case of an emergency, be required to labor at any other point, which would compel the employment of large bodies of men on some occasions when the force already employed would be all that was required. Where a person is employed to labor on the track of a road, generally, the presumption would be that it should be at any place they might designate within a reasonable distance of the place of employment, and the company should not, for that reason, be liable for an injury received by the servant whilst at work at a place different from that at which he had been accustomed to work.

It is urged that the third of appellee's instructions is wrong. It no doubt contains an unnecessary statement as to the duty of the company to provide reasonably safe machinery for the protection of the hands. There was no question before the jury as to the character of the machinery, and the proposition was abstract and inapplicable to the case, but could not have misled the jury. As to the remainder of the instruction, we perceive no objection; as it is unquestionably the duty of the company to make all reasonable and proper regulations for the safety of their hands. Without such regulations, their employees would be at the mercy of others whom they had no election in employing, or over whose actions they have no control. Human life and safety demand at least this degree of care, and it must be exacted. And it should devolve on the company to show that they had so observed the duty. It is an affirmative fact that the company can readily show, whilst usually the plaintiff could not prove its negative. The plaintiff must no doubt prove negligence, and to exonerate themselves the company should show that proper regulations, to prevent it, had been adopted, and having shown them, the presumption would be that the act was in violation of the rule, and the company not liable, unless the servant inflicting the injury was incompetent, and the company knew it, or they

had reasonable and proper means of knowing it. When the rules are shown, it is for the court to say whether they are reasonable.

We perceive no valid objection to the sixth of appellee's instructions. We are of opinion that it is not liable to the criticism suggested by appellants. It was not probably understood by the jury as they seem to suppose. It would have been more accurate had it said, if the jury find the injury was the result of such recklessness. In cases of this character, instructions should be entirely accurate, and this would be better with the amendment suggested.

It is urged that the court should have given defendants' fifteenth and sixteenth instructions. On examination we find no evidence in the record on which to base them. They were, therefore, properly refused.

We have not been enabled, by a careful examination of the other instructions of appellants, to find that the court erred in modifying them before they were given.

Inasmuch as the case must be submitted to another jury, we regard it proper to discuss the question whether appellee was in the same line of employment with the engine-driver, and whether his relation to the company was such as to necessarily preclude his recovery for the injury sustained. The determination of this question is, we think, governed by our former decisions. We have repeatedly held, that where an employee of the company is hurt in an employment wholly separated and disconnected from the servant who causes the injury, a recovery may be had, where there is negligence, as in other cases; that a clerk at the depot, a carpenter employed in constructing or repairing cars in the shop, or other person disconnected with the management of the train and its officers, may recover, where by carelessness of those running it he is injured. The rule only applies, that a fellow-servant cannot recover for the injury occasioned by the negligence of another servant, where they are engaged in the same department of business. And the object of the rule is to make each servant vigilant in

seeing that the others are careful, prudent and faithful in the discharge of their duty, and if not, that it shall be to their interest to report all derelictions that occur.

.Here, appellee was no nearer connected with the running of the train or its engines, than is a clerk of the company employed in keeping the books in their office, or a carpenter, smith, painter, or other mechanic employed in the car shop. He was engaged in an entirely different department from that of running trains, either in the yard or on the road. He did not have, nor could he have any control over the engineer. His means of doing so were not superior to that of an individual entirely disconnected with the road and its management. Thus it is seen that the reason of the rule fails when applied to appellee, and the reason having failed, the application of the rule should fail. We are of opinion that the rule should not be applied to appellee.

He was employed by the company, was at work under the orders of his superior, and it does not matter whether he was performing the labor where he was employed to work, if he acted with prudence, and the engineer was guilty of negligence.

For the errors indicated, the judgment of the court below must be reversed, and the cause remanded.

*Judgment reversed.*