## BALTIMORE & O. R. CO. v. CAMP.

(Circuit Court of Appeals, Sixth Circuit. July 6, 1897.)

### No. 449.

1. DAMAGES FOR PERSONAL INJURY—EVIDENCE—PLAINTIFF'S FAMILY.
    In an action against a railroad company to recover damages for personal injuries caused by negligence, evidence that the plaintiff has a wife and child is inadmissible.

2. RAILROAD—INCOMPETENT EMPLOYE—EVIDENCE OF REPUTATION.
    In an action against a railroad company for injuries received in a collision caused by the gross negligence of a telegraph operator, after the plaintiff has introduced evidence tending to show that the operator was not a fit man for the place, evidence offered by the defendant that the general reputation of the operator as a telegraph operator was good is admissible.

3. PLEADING—AMENDMENT—NEW DEFENSE.
    When a defendant is granted leave to withdraw the answer and file a demurrer, upon the overruling of the demurrer it is not error for the court to refuse to permit him to file an answer setting up a new defense, where no excuse is given for not pleading it in the first answer.

In Error to the Circuit Court of the United States for the Western Division of the Southern District of Ohio.

This was an action for personal injuries by John P. Camp against the Baltimore & Ohio Railroad Company. There was judgment for plaintiff, and defendant brings error.

J. H. Collins, for plaintiff.

S. M. Hunter and R. A. Harrison, for defendant.

Before TAFT and LURTON, Circuit Judges, and CLARK, District Judge.

TAFT, Circuit Judge. This is the second time this case has been before this court. It is reported in 31 U. S. App. 213, 13 C. C. A. 233, and 65 Fed. 952. The plaintiff was a locomotive engineer of the Baltimore & Ohio Railroad Company, and was seriously injured in a collision between two of the freight trains of the company at a point about six miles east of Black Hand, a station of the Central Ohio Division.

In the first trial he recovered a verdict and judgment against the company for $10,000. Because of error in the instructions of the court below, this court reversed the judgment, and directed a new trial. The present proceeding is brought to review a judgment for $12,000 entered upon the verdict rendered at the second trial. We regret exceedingly that we are obliged to reverse the judgment again. We do so for two reasons. The court permitted evidence to go to the jury that the plaintiff had a wife and one child. The evidence was objected to, the objection overruled, and an exception taken. In Pennsylvania Co. v. Roy, 102 U. S. 451, in a suit for personal injuries against a railroad company, the plaintiff was permitted, against the objection of the defendant, to give the number and ages of his children. The court said upon this point:

"This evidence does not appear to have been withdrawn from the consideration of the jury. It certainly had no legitimate bearing upon any issue in the case. The manifest object of its introduction was to inform the jury that the plaintiff had infant children dependent upon him for support, and, consequently, that his injuries involved the comfort of his family. This proof, in connection with the impairment of his ability to earn money, was well calculated to arouse the sympathies of the jury, and to enhance the damages beyond the amount which the law permitted; that is, beyond what was, under all the circumstances, a fair and just compensation to the person suing for the injuries received by him. How far the assessment of damages was controlled by this evidence as to the plaintiff's family it is impossible to determine with absolute certainty, but the reasonable presumption is that it had some influence upon the verdict."

In the face of this controlling authority, we are unable to escape the conclusion that the action of the court below in permitting the plaintiff to show that he had a wife and one minor child was erroneous, and prejudicial to the defendant.

There was a second error in the rulings of the trial court. One of the main charges of negligence against the company was in the employment of the telegraph operator whose gross negligence caused the collision and the plaintiff's injuries. The plaintiff had offered evidence tending to show that the operator was not a fit man for his place. The defendant, to meet this evidence, offered evidence to show that the general reputation of the operator as a telegraph operator was good. This offer was rejected, and an exception noted by the defendant. We are at a loss to see why this evidence was not competent. It is well settled that it would be competent to show such a general reputation of the servant as would lead a reasonable man to believe that he was incompetent. Railroad Co. v. Henthorne, 19 C. C. A. 623, 73 Fed. 634; Stone Co. v. Whalen, 151 Ill. 472, 38 N. E. 241; Grube v. Railroad Co., 98 Mo. 330, 11 S. W. 736; Monahan v. City of Worcester, 150 Mass. 439, 23 N. E. 228; Railroad Co. v. Scott, 71 Tex. 703, 10 S. W. 298. It is impossible to see why, if such evidence is competent to show negligence on the part of a servant, it is not also competent to introduce evidence of good reputation to rebut the charge of negligence.

We find no other errors in the record. Complaint is made by the railroad company of the refusal of the court to permit it to file an answer setting up a new defense. When the case was remanded by this court for a new trial, the company was permitted to with-

draw its answer, and file a demurrer. The demurrer was overruled, and then the company tendered an answer setting up as an additional defense a release founded on the receipt by the plaintiff of a small sum as a member of a relief association. No adequate excuse was given for not pleading the defense in the first answer. We are clearly of opinion that under the circumstances the court had the discretion to refuse to allow new defenses to be filed, and that the discretion was rightly exercised. The leave to withdraw the answer and to file a demurrer did not give the defendant any greater right to file a different answer than if the application had been directly for leave to amend the answer. The judgment of the court below is reversed, with directions to order a new trial.