## METROPOLITAN ST. RY. CO. v. KENNEDY.

(Circuit Court of Appeals, Second Circuit.  July 21, 1897.)

1. STREET RAILROADS—COLLISION AT INTERSECTION—NEGLIGENCE.

In the absence of proof that either of two street-railway companies had any right, by usage or otherwise, of precedence at the intersection of their roads, the law presumes that they stood on a footing of equality, each owing to the other the duty of exercising reasonable care.

2. SAME.

The servants in charge of a street car were negligent in attempting to cross the track of another company at the point of their intersection when they saw, or should have seen, that a car of that company, of which plaintiff was in charge, was already in motion, and that a collision would probably result.

3. SAME.

Though the plaintiff's view of defendant's car was temporarily obstructed by an intervening object, plaintiff was not negligent in attempting to cross the intersecting track, as he had the right, having first put his car in motion, to rely on the fact that the servants in charge of defendant's car would not attempt to make the crossing until it should be safe to do so.

4. SAME—DAMAGES—EVIDENCE.

In an action to recover damages for personal injuries it is competent for plaintiff to prove that he was a sober and industrious man.

5. SAME—HARMLESS ERROR.

The error, if any, in permitting plaintiff in an action to recover damages for personal injuries to testify that he was a married man, is harmless where the fact is abundantly proved by evidence to which there was no objection.

Appeal from the Circuit Court of the United States for the Southern District of New York.

Henry A. Robinson, for plaintiff in error.

Wm. H. Regan and James L. Bennett, for defendant in error.

Before PECKHAM, WALLACE, and SHIPMAN, Circuit Judges.

PER CURIAM.  This is a writ of error by the defendant in the court below to review a judgment for the plaintiff entered upon the verdict of a jury.  The action was brought to recover for personal injuries received by the plaintiff in a collision between two street-railway cars, alleged to have been caused by the negligence of the defendant, which took place at the junction of Fourteenth street and Broadway, in the city of New York.  The plaintiff was a car driver for the Central Cross Town Railroad.  The tracks of that railway run east and west along Fourteenth street, and intersect the double tracks of the railway of the defendant, running north and south upon Broadway.  The evidence upon the trial tended to show that as a car driven by plaintiff, bound easterly, approached the point of intersection, it was brought to a stop preparatory to crossing the defendant's railway; that at that time a car of the defendant upon the easterly track of its railway, bound northerly, and approaching the point of intersection, had also been brought to a stop; that the conductor upon the plaintiff's car, observing that the defendant's car had stopped, signaled the plaintiff to go ahead, and the plaintiff thereupon put his car in motion; that about this time a south-bound car of the defendant, upon the westerly track of its railway, passed the point of intersection, thereby momentarily obstructing the view be-

tween the plaintiff's car and the north-bound car of the defendant; that, after the plaintiff's car had thus been put in motion, the defendant's north-bound car was put in motion, and proceeded at such a high rate of speed that it could not be stopped in time to avoid collision with the plaintiff's car as the latter was crossing the tracks of the defendant.

Error is assigned of the refusal of the trial judge to direct a verdict for the defendant upon the ground that the evidence did not show that the defendant was guilty of negligence, and did show that there was contributory negligence on the part of the plaintiff. We think the evidence was sufficient to permit the jury to find that the defendant's car was put in motion after those in charge had observed, or should have seen, that the plaintiff's car was about to cross the tracks of the defendant, and would reach the point of intersection before it could be passed by the defendant's car, and that the defendant's car then proceeded at such rapid speed that it could not be stopped in time to avoid collision. We think the evidence also permitted the jury to find that those in charge of the plaintiff's car, including the plaintiff himself, were not aware that the defendant's car had been put in motion in time to stop their own car before it reached the point of intersection, this being attributable to the fact that, after their car had started, the south-bound car of the defendant intercepted the line of vision between their car and the north-bound car of the defendant. In this view the case could not properly have been withdrawn from the consideration of the jury.

In the absence of proof that either railway company had any right, by usage or otherwise, of precedence at the crossing, the law presumes that they stood on a footing of equality, each lawfully using a public street, and each owing to the other the duty of exercising reasonable care while doing so. When parties occupy such a position towards one another, each has a right to assume that the other will fulfill its duty, until apprised to the contrary. There is no hard and fast rule by which to determine what constitutes reasonable care in such a case. The question is one for the jury, to be determined upon the special facts, testing the acts of the parties by that measure of circumspection which would ordinarily be exercised by prudent men under similar circumstances. We entertain no doubt that the jury were authorized to indulge the conclusion that the defendant was guilty of negligence, either because those in charge of its car failed to observe that the plaintiff's car had started to cross the intersecting tracks, or, having observed this, in attempting to cross with their own car when there was not sufficient time to do so before plaintiff's car would reach the place, or at such a rate of speed that it could not be stopped in time to avoid collision; and that the plaintiff, having the right to rely upon the exercise of reasonable care by the defendant, was not himself negligent in failing to stop his car when the south-bound car of the defendant temporarily obstructed his view of the north-bound car.

Error is also assigned of the rulings of the trial judge in admitting evidence contrary to the objections of the defendant. A witness for the plaintiff was permitted to state that the plaintiff was a sober and

industrious man. The testimony was competent upon the issue of damages. The earning power of the plaintiff was an element in estimating the loss which he had sustained, and was likely to sustain in the future, by being incapacitated for labor in consequence of the injuries received. The plaintiff was allowed to testify that he was a married man. While this testimony may not have been strictly competent (Pennsylvania Co. v. Roy, 102 U. S. 459), it was innocuous, the fact having been abundantly proved by evidence which was not objected to. His wife was one of the principal witnesses upon the trial. The other rulings complained of do not merit notice. We find no error in the record, and the judgment is therefore affirmed.