UNION PACIFIC RAILWAY COMPANY v. JOHN HAMMERLUND.

No. 13,860. (79 Pac. 152.)

Error from Wyandotte court of common pleas; WILLIAM G. HOLT, judge. Opinion filed January 7, 1905. Reversed.

*N. H. Loomis*, *R. W. Blair*, and *H. A. Scandrett*, for plaintiff in error.

*J. K. Cubbison*, and *O. D. Sharp*, for defendant in error.

*Per Curiam:* The plaintiff sued for damages resulting from personal injuries negligently inflicted upon the occasion of a wreck of one of defendant's trains. The defendant confessed liability, but it disputed the amount of the plaintiff's claim, and the issue upon that question was the only one tried. The plaintiff opened his evidence by proof that he was a married man and the father of three children. Timely objections to this evidence, and motions to strike it out, were unavailing; and it went to the jury

necessarily as a factor for the determination of the plaintiff's damages, because no other question was open to investigation.   The impropriety of this proof is not debatable. (*Kansas Pacific Rly. Co. v. Pointer*, 9 Kan. 620; *Railroad Co. v. Eagan*, 64 id. 421, 67 Pac. 887.)   An effort is made, in a much attennuated argument, to attach this evidence to another matter developed later in the plaintiff's case.   The record, however, plainly forbids that this be done.

Plaintiff's physician testified that upon an examination made after the injury he found plaintiff's eyesight to be defective.   No damages were claimed for injury to eyes, and the evidence was not admissible for the purpose of proving such damages.   It is claimed, however, that the impaired vision was a symptom of a nervous affection resulting from an injury for which damages were claimed. No proof was offered to show that plaintiff was possessed of normal eyesight before the injury, or that the defect observed did not arise from some cause entirely disconnected from the nervous trouble alleged.   Hence the evidence should not have been received.

A witness was produced who testified that, some time after the injury complained of, when riding upon a railroad-train with the plaintiff, the latter jumped from his seat and exclaimed: "Damn that train."   It is said this evidence tended to prove that plaintiff is a neurasthenic. The law has clear reasons for excluding testimony of this character, which lose none of their cogency in this case.

It was not error to reject evidence on behalf of the defendant that the plaintiff's hearing was not a subject of general discussion in the neighborhood in which he resided.   If any of plaintiff's neighbors had observed or knew anything about his hearing their testimony could have been produced.   Other assignments of error relate to objections and exceptions waived by conduct at the trial, or to matters which are not likely again to become material.

The judgment of the district court is reversed, and the cause remanded for a new trial.