THE ATCHISON, TOPEKA & SANTA FE RAILWAY
COMPANY v. WILLIAM W. RINGLE.

No. 13,984.    (80 Pac. 43.)

Error from Montgomery district court; THOMAS J. FLANNELLY, judge.    Opinion filed March 11, 1905. Reversed.

*A. A. Hurd, O. J. Wood,* and *William Dunkin,* for plaintiff in error.

*Albert L. Wilson,* for defendant in error.

*Per Curiam:*  Defendant in error had judgment for personal injuries in the sum of $7000, to reverse which the plaintiff in error prosecutes this proceeding.

The first error to which our attention is called, and the only one we deem it necessary now to consider, is in the admission of evidence as to the size of the plaintiff's family.    The evidence referred to is as follows:

"Ques.  Have you any children?  Ans.  Yes, sir.

"Q.  How many?  (Objected to by defendant as immaterial; objection overruled; to which ruling of the court the defendant at the time excepted.)    A.  Four.

"Q.  What are their ages?  (Objected to as irrelevant and immaterial; objection overruled; to which ruling the defendant excepted.)    A.  The oldest one is nineteen and the youngest one is eleven or twelve."

Under the unbroken line of decisions of this court, the admission of this evidence must be held to have been erroneous and prejudicial.  In *Railroad Co. v. Eagan,* 64 Kan. 421, 67 Pac. 887, Chief Justice Doster, in passing upon a question almost identical with this, held the admission of such testimony "a very grievous error," and cited many cases in support of that conclusion.  This was followed by this court in *Railway Co. v. Hammerlund,* 70 Kan. 888, 79 Pac. 152.  The defendant in error, however, very strenuously insists that the facts of this case

render this well-settled doctrine not applicable here because, in cases where punitive damages may be allowed, all of the surroundings and conditions of the parties may be shown, and such inquiry includes all such items as the financial condition of both parties, the condition of their families, standing in society, and so forth. If we grant this claim we do not find the principle applicable to the facts of the case here. It is well settled in this state that in order to warrant the recovery of punitive, or exemplary, damages because of the negligence of the defendant such negligence must be so gross as to amount to wantonness, where no wilful or malicious acts are proved. (*K. C. Ft. S. & G. Rld. Co. v. Kier*, 41 Kan. 671, 21 Pac. 770, 13 Am. St. Rep. 311, and cases cited.) While it is here strenuously contended that the evidence shows gross and wanton, if not malicious, negligence, we have carefully examined the testimony upon this point and are fully persuaded that such is not the case. The court also, in its instructions to the jury, excluded this element from their consideration. This was done without objection, and is now the law of this case.

Again, it is contended that inasmuch as the question, "Have you any children?" was answered without objection, the further questions as to their number and ages were harmless and should not be considered within the rule. We are not able to agree with this contention. The same condition of the proof will be found in *Railroad v. Eagan, supra*. The reason of the rule is more strongly appealed to by the answer to the questions objected to than by the preliminary question.

It is further suggested that the rule which forbids the introduction of this kind of evidence ought to be abandoned because the information imparted to the jury by the answer to these questions might have been obtained by them as well by the calling of the children as witnesses, or by their presence in court. This reasoning does not appeal to us as being sound. That incompetent evidence may sometimes reach the jury as an inseparable element of competent evidence does not warrant courts in permitting the introduction of the incompetent evidence alone. This class of evidence has been condemned because of the prejudice, or bias, which it is likely to excite in the minds of a jury; and in this case, after carefully examining the evidence relative to the character of the injury, we are not prepared to say, in view of the size of the judgment, that they were not unduly influenced thereby.

The judgment is reversed, and the case remanded for further proceedings.