## CHESAPEAKE & O. RY. CO. v. STOJANOWSKI.

(Circuit Court of Appeals, Second Circuit. November 23, 1911.)

### No. 89.

1. CORPORATIONS (§ 662*) — FOREIGN CORPORATIONS — DOING BUSINESS IN STATE.

 A foreign railroad company, which maintains an office in New York, where it employs agents to solicit business and sell tickets, is doing business in the state in such sense as to be subject to service and suit therein.

 [Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 2544–2570; Dec. Dig. § 662.*

 Foreign corporations doing business in state, see note to Wagner v. J. & G. Meakin, 33 C. C. A. 585; Ammons v. Brunswick-Balke-Collender Co., 72 C. C. A. 622.]

2. EVIDENCE (§ 352*)—TRAIN SHEETS.

 A train sheet kept by a train dispatcher, in the course of his regular duty, from reports made to him by telephone by the operators at the several stations as the trains arrived and departed therefrom, upon which sheet he based his orders for the movement of trains, is admissible in evidence to show the time when a particular train passed through a station.

 [Ed. Note.—For other cases, see Evidence, Dec. Dig. § 352.*]

3. APPEAL AND ERROR (§ 1056*)—REVIEW—EXCLUSION OF EVIDENCE—PREJUDICIAL ERROR.

 The erroneous exclusion of evidence was prejudicial, where its admission would have tended to create a conflict of evidence on a material issue, which, with such evidence excluded, did not necessarily exist.

 [Ed. Note.—For other cases, see Appeal and Error, Dec. Dig. § 1056.*]

In Error to the Circuit Court of the United States for the Eastern District of New York.

Action at law by John Stojanowski against the Chesapeake & Ohio Railway Company. Judgment for plaintiff, and defendant brings error. Reversed.

Writ of error to review a judgment in favor of the defendant in error in an action to recover damages for personal injuries. In the opinion following the parties are designated as in the court below.

Kenneth B. Halstead (A. C. Rearick, of counsel), for plaintiff in error.

Louis Boehm, for defendant in error.

Before COXE, WARD. and NOYES, Circuit Judges.

NOYES, Circuit Judge. [1] With respect to the jurisdictional question: In our opinion the defendant, a foreign corporation, was "doing business" in the state of New York in the sense that liability to service was incurred and there was no error in the action of the trial court in denying its motion to set aside the service of the summons. Sleicher v. Pullman Co. (C. C.) 170 Fed. 365, is directly in point.

[2] Taking up the assignments of error. the only one to which we think it necessary to direct especial attention is based upon the ruling excluding the railroad train sheet offered by the defendant. This train sheet was the register of trains on the division of the defendant's railroad upon which the accident occurred and showed the arrival and departure of trains at stations upon the day of the accident. It was produced by the train dispatcher who testified that he was experienced; that the entries were in his handwriting; that the movements of trains were reported to him by telephone by the operators at the different stations as the trains arrived and departed, and that he thereupon made the entries in the train sheets; that this work was a part of his regular duty, and that he, as the train dispatcher, controlled the meeting points of trains and in so doing necessarily relied upon the entries in the train sheets made in the manner stated.

The safe operation of the railroad depended upon the accuracy of the train sheets. Every interest demanded that the entries should be accurate and there was every incentive to employés to make them so. No reason is suggested why the operator who observed the movement of the train at a station and telephoned the information to the dispatcher's office or the dispatcher who received and made the entry should have made an error. The train sheet entries were made in the regular course of the operation of the railway and, in our opinion, came within a recognized exception to the hearsay rule.

In Hitchner Wall Paper Co. v. Pennsylvania R. Co. (C. C.) 158 Fed. 1011 (affirmed 168 Fed. 602, 93 C. C. A. 598), the court said in passing upon the admissibility of a train sheet:

"The objection is that the evidence is not competent because the information which he recorded on his train sheet was supplied to him by somebody else, and it was not written there by reason of any knowledge which he had in regard to it other than the reported information from others. The train dis-

191 F.—46

patcher in the modern conduct of a railroad has a certain division of track over which he has a certain supervision, and from various points of which he receives telegraphic communication as to the whereabouts of every train running on his section. Upon the accuracy of this information depends the safe conduct of the road, and the lives of hundreds of people depend upon the care with which this information is communicated, received and utilized by the dispatcher in charge of the division. There is every inducement for each person taking part in the accumulation of this information to be sure of its accuracy, and the dispatcher recording it has every incentive to be certain that he is receiving correct information and making an accurate record of that received. He has telegraphic communication along the whole section, and receives dispatches from different persons at different points as to the exact whereabouts of each train to or from his central point. This, to some extent, provides him with a method of checking up the accuracy of the information received, and, as has been said, this information received from these train experts along the line of a well-conducted railroad is certainly as reliable as reports made of salesmen, draymen, porters, and wharfingers, to bookkeepers who make original entries, which are afterward introduced in evidence as books of original entries, and admitted as competent evidence."

See, also, Donovan v. B. & M. R. R., 158 Mass. 450, 33 N. E. 583; Fireman's Ins. Co. v. Seaboard Air Line, 138 N. C. 42, 50 S. E. 452, 107 Am. St. Rep. 517; Louisville & Nashville R. R. Co. v. Daniel, 122 Ky. 256, 91 S. W. 691, 3 L. R. A. (N. S.) 1190; Lead Co. v. St. Louis, etc., R. Co., 123 Mo. App. 394, 101 S. W. 636; Wigmore on Evidence, § 1530.

[3] There being error in the exclusion of the train sheet, the next question is whether it was so prejudicial to the defendant as to call for the reversal of the judgment.

The times of the arrival and departure of the trains from Eagle Mountain station, at which the accident occurred, on the day of the accident were of importance in the case, especially in view of the charge of the court. The trial judge charged the jury that they would have to determine "whether or not the plaintiff has satisfied you that he was injured by any other train than the one which the defendant specifies" and that it was a question of fact for them "whether the accident happened on third 74 that left Eagle Mountain at 13 minutes of 3 or the train fourth 74 that left some time later."

Now, the plaintiff, in addition to fixing the time of the accident, indicated the train from which he claimed to have been thrown by the railroad employés by the fact that it was made up altogether of coal cars and also by the fact that it remained at Eagle Mountain station some five or ten minutes. The defendant's witnesses testified that the plaintiff was injured while attempting to board a box car in a mixed train which passed about the time stated by the plaintiff, and the conductor and crew of that train denied that any such occurrence as that testified to by the plaintiff took place. It did appear, however, that there was another train—the "third 74" referred to by the trial judge —which was made up of coal cars which passed Eagle Mountain some time before the mixed train and the jury might have concluded—especially in view of the charge and of the fact that the crew of that train were not called—that the accident really occurred on that train, although at an earlier hour than that fixed by the plaintiff. The train sheet, however, shows that train "third 74" remained at Eagle

Mountain station one hour and forty minutes instead of five or ten minutes, and if this evidence had been received it would have tended to negative the possibility that the accident occurred upon that train and would have tended to reduce the real question to one of veracity between the plaintiff and the defendants' witnesses as to the occurrence upon the mixed train. We think that the error in excluding the train sheet was prejudicial.

As this erroneous ruling makes a new trial necessary, we think it desirable to call attention to another ruling upon the trial. The court, over the defendant's objection, allowed the plaintiff to testify that he was married. We think this ruling of doubtful propriety under the decisions in Pennsylvania Co. v. Roy, 102 U. S. 451, 26 L. Ed. 141, and Baltimore, etc., R. Co v. Camp, 81 Fed. 807, 26 C. C. A. 626. Attention is directed to it so that the testimony may not be repeated upon the new trial.

The judgment of the Circuit Court is reversed.