## UNION PAC. R. CO. v. McMICAN.

(Circuit Court of Appeals, Eighth Circuit. March 7, 1912.)

No. 3,622.

1. EVIDENCE (§ 555*)—EXPERTS—HYPOTHETICAL QUESTION.

Where a physician had been employed to examine plaintiff, to testify as a witness for him, and not to treat him, a hypothetical question, based in part on plaintiff's history given by him to the witness, was improper, under the rule that, where a physician is called to give testimony, he can only testify to objective symptoms, and not with reference to self-serving declarations made by plaintiff to him, not under oath.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. § 2376; Dec. Dig. § 555.*]

2. EVIDENCE (§ 553*)—EXPERTS—HYPOTHETICAL QUESTION—FACTS NOT PROVED.

Plaintiff testified that on the evening of his injury he noticed that his abdomen was a little bit puffed up, but that it did not swell up enough to make much difference in his size until about the fifth or sixth day after his injury; there being no testimony that within 24 hours after the accident the abdomen was in a badly swollen condition. Held, that a hypothetical question, assuming that immediately after the injury plaintiff suffered intense pain in the abdomen and the region of the liver, that it began to swell, so that within 24 hours it was in a badly swollen condition, and within two weeks it became hardened, which condition continued to the present time, was improper, under the rule that a hypothetical question should not embrace facts not proved.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 2369–2374; Dec. Dig. § 553.*]

3. DAMAGES (§ 170*)—RELEVANCY—FAMILY.

In an action for injuries, a question as to whether plaintiff had a family, to which he replied that he had a wife and one child, was improper.

[Ed. Note.—For other cases, see Damages, Cent. Dig. §§ 496, 497; Dec. Dig. § 170.*]

In Error to the Circuit Court of the United States for the Western District of Missouri.

Action by Telie G. McMican, as administratrix, etc., against the Union Pacific Railroad Company. Judgment for plaintiff, and defendant brings error. Reversed, and new trial granted.

S. C. Douglass (R. W. Blair and Douglass & Watson, on the brief), for plaintiff in error.

J. E. McFadden and S. G. Magee (O. Q. Claflin, Jr., on the brief), for defendant in error.

---

Before SANBORN and ADAMS, Circuit Judges, and WM. H. MUNGER, District Judge.

WM. H. MUNGER, District Judge. In this case plaintiff, in August, 1909, was a passenger upon a mixed train of the defendant in the state of Kansas. The train consisted of some 22 freight cars, a baggage car, and a coach. The engine and some of the cars were detached when plaintiff took passage. He entered the coach, and while standing in the aisle at the end of a seat, making some memoranda, the engine, with some of the cars, backed up to the coach, the cars coming together, as claimed, with such a sudden jar as to throw him off his feet down in the aisle; that a lady with a child, standing in the aisle some few feet from him, was also thrown down, falling upon him, from which he sustained, as alleged, internal injuries. A trial was had resulting in a verdict for the plaintiff. Defendant brings the case here for review.

[1] Among the errors assigned is that permitting a hypothetical question to be submitted to a doctor, called as a witness for plaintiff, who examined the plaintiff at the time of the trial, not for the purpose of treating him, but for the purpose of testifying in the case. The doctor had testified that plaintiff, at the time of the examination, gave to him a history of himself prior to the time he received his injuries, also a history of the injury (but did not testify what such history was), and that he made a physical examination of plaintiff. Thereafter plaintiff submitted to the doctor a hypothetical question, starting as follows:

"Now, Doctor, taking into consideration the history that Mr. McMican gave you of himself— But before I ask that, I will continue the question. Prior to the date of the injury, that is the history he gave you of himself prior to the date of this injury, and the history he gave you of the injury, and the history he gave you of his condition and feelings subsequent to the date of the injury, and assuming that at the time of the injury."

The question then continued with a statement of facts based upon evidence given in the case. The close of the question was:

"I will ask you to state, taking all these facts into consideration, whether or not the probability is that the condition you found existing at the time you made your examination, as you found it. could be or might be caused by the injury which he stated he had received?"

Counsel for defendant objected to the question, on the ground that it was not a proper hypothetical question, because it stated facts not in evidence, and asked the witness to base his answer on what the plaintiff told him at the time of the examination, which statements were not made under oath; also, upon the further ground that hypothetical questions should be based upon the sworn statement of witnesses as offered in evidence. The court, before ruling upon the question, inquired of the witness if the question fully covered the statements made:

"Does it fully cover and represent statements made in evidence, and the history of the case at the time the injury was sustained. or at the time of your examination? Does it fully and fairly represent the statement made to you and the history given to you by Mr. McMican at the time you examined him?"

The witness answered:

"Yes; I think it does."

The court thereupon permitted the witness to answer the question, which answer was as follows:

"Well, I can only say, as I said before, that it may have been due to the injury."

This evidence was clearly inadmissible, for the reason that it was based, in part at least, upon what plaintiff told the doctor at the time of the examination relative to his previous history and how the injury occurred. The rule is well settled that, where a physician is called to professionally treat a party, he may give his opinion, based upon subjective as well as objective symptoms; but where he is called, not for the purpose of treating the party for the ailment, but for the purpose of giving testimony in the case, he can only testify to objective symptoms. Statements made by the plaintiff at such examination are mere self-serving declarations, not made under oath. Shaughnessy v. Holt, 236 Ill. 485, 86 N. E. 256, 21 L. R. A. (N. S.) 826; Keller v. Gilman, 93 Wis. 9, 66 N. W. 800; Penn. Co. v. Files, 65 Ohio St. 403, 62 N. E. 1047; McKormick v. City of West Bay, 110 Mich. 270, 68 N. W. 148; Lawson on Exp. and Op. Ev. (2d Ed.) 162, rule 30. When a hypothetical question is submitted in such a case, it should only embrace facts which have been given in evidence. Such rule was clearly violated in this case, and for that reason a new trial must be granted. The fact that the witness, when interrogated by the court, stated that in his opinion the question fully covered and represented statements made in evidence and the history of the case as stated to him by plaintiff, did not remove the vice. It was for the court primarily, and the jury finally, to determine whether the question embraced a proper statement of the facts as shown by the evidence, and not for the witness to base his opinion upon partly undisclosed statements.

[2] Objections were made to other hypothetical questions to other doctors on the ground that they included facts which were not embraced in the evidence which had been given—one to Dr. Somerville, which, after stating that the plaintiff had fallen upon the floor and the woman with a child upon him. embraced the following:

"That immediately thereafter severe and intense pains were present in the abdomen of Mr. McMican, in the region of the liver; that the abdomen began to swell so that within 24 hours it was in a badly swollen condition, and within about 2 weeks from the date of that accident or injury I have described the abdomen became hardened, and that hardened condition continued from that time to the present."

The plaintiff's testimony was as follows, in answer to a question:

"How long after the injury was it that you noticed this swelling began? A. I noticed that evening that I seemed to be a little bit puffed there, the same evening that I was hurt; but it did not swell up enough to make much difference in my size until about— I began to swell more along about the fifth or sixth day after the injury."

There was nothing in the testimony that indicated that within 24 hours after the accident the abdomen was in a badly swollen condi-

tion. Hypothetical questions should not embrace facts not in evidence. While counsel may base a hypothetical question upon his theory of the correctness of conflicting evidence, it is error to embrace facts which are not disclosed by the evidence.

[3] Again, plaintiff was asked, "Have you a family, Mr. Mc-Mican?" to which he answered, "I have a wife and one child." This testimony was admitted over the objection of the defendant. It was clearly inadmissible under the authority of Pennsylvania Co. v. Roy, 102 U. S. 451, 26 L. Ed. 141.

The judgment is reversed, with directions to grant a new trial.