[Civil No. 1881.  Filed October 19, 1921.]

[201 Pac. 102.]

## THE SILVER KING OF ARIZONA MINING COMPANY, a Corporation, Appellant, v. EDWARD KENDALL, Appellee.

1. MASTER AND SERVANT—ACTIONABLE INJURY MUST BE CAUSED BY RISK OF EMPLOYMENT.—Under Employers' Liability Law, the unavoidable risk and hazardous character of the occupation or employment in which the workman is at the time engaged must be the cause of the accident resulting in injury before damages are recoverable; the fault, wrong, or negligence of the employer being entirely immaterial.

2. MASTER AND SERVANT—RECOVERY UNDER EMPLOYERS' LIABILITY LAW LIMITED TO "COMPENSATORY DAMAGES." — Under the Employers' Liability Law, the amount of recovery for personal injury is limited to "compensatory damages," which means a sum which will compensate the injured employee for the injuries sustained, and no more.

3. MASTER AND SERVANT — EVIDENCE THAT INJURED EMPLOYEE HAD DEPENDENT WIFE AND DAUGHTER IRRELEVANT.—In an action for damages under the Employers' Liability Law, the measure of damages is the loss the injured employee himself sustained, and evidence that he had a dependent wife and child who were supported by him up to the time of the accident is irrelevant and immaterial.

4. APPEAL AND ERROR—EVIDENCE THAT INJURED EMPLOYEE HAD DEPENDENTS PREJUDICIAL ERROR.—In an action for damages under Employers' Liability Law, evidence that employee had a dependent wife and daughter had a tendency to win the sympathy of the jury for the plaintiff and enhance the verdict, and thereby prejudice the rights of the defendant.

5. APPEAL AND ERROR—ERROR IN ADMITTING EVIDENCE THAT INJURED EMPLOYEE HAD DEPENDENTS NOT CURED BY PLEADING AS SETOFF, PAYMENT FOR BENEFIT OF HIM AND HIS FAMILY.—In an action for damages under Employers' Liability Law, an error in admitting evidence that employee had a dependent wife and daughter was not cured by pleading a setoff pursuant to Revised Statutes of 1913, section 3160, alleging payment of money for the benefit of employee and his family, and mention of his family in proof of payments, since the mention of his family in both answer and evidence was unnecessary and immaterial.

6. APPEAL AND ERROR—ERROR IN ADMISSION OF EVIDENCE OF NUMBER OF DEPENDENTS OF AN INJURED WORKMAN IS NOT CURED BY CORRECT INSTRUCTION ON DAMAGES.—In an action for damages by a workman under the Employers' Liability Law, an error in admitting evidence of the number of dependents in the family of the injured is not cured by an instruction that recovery was limited to actual loss suffered by the injured as a proximate and direct result of the accident causing the injury.

7. TRIAL—JURY MAY CONSIDER INCOMPETENT EVIDENCE IF ADMITTED.— In an action for damages under the Employers' Liability Law, the erroneous admission of evidence of the number of dependents in the family of the injured servant justified the jury in considering it.

8. APPEAL AND ERROR—THAT IMPROPER EVIDENCE OF THE NUMBER OF DEPENDENTS IN FAMILY OF INJURED WORKMAN MAY HAVE REACHED THE JURY OTHERWISE WOULD NOT CURE ERROR IN ADMISSION OF INCOMPETENT EVIDENCE. — In an action for damages under Employers' Liability Law, improper evidence of the number of dependents in the servant's family cannot be held harmless, though the same facts may have reached the jury otherwise.

9. APPEAL AND ERROR—NO AFFIRMANCE ON CONDITION OF REMITTITUR WHERE VERDICT WAS ENHANCED BY INCOMPETENT EVIDENCE.—An excessive judgment will not be affirmed on condition of filing a *remittitur* in the amount held to be excessive, where the verdict was enhanced through the weight of immaterial, irrelevant, and incompetent evidence, since the court cannot estimate the amount the verdict was enhanced.

APPEAL from a judgment of the Superior Court of the County of Maricopa. R. C. Stanford, Judge. Reversed and remanded.

Messrs. Alexander, Christy & Baxter and Messrs. Bullard & Jacobs, for Appellant.

Mr. F. C. Struckmeyer, Mr. C. E. Johns, and Mr. Thomas J. Croaff, for Appellee.

McALISTER, J.—This is an action under the Employers' Liability Law (Civ. Code 1913, pars. 3153–3162). Fifty thousand dollars as damages for personal injuries was prayed for, but judgment for $18,700 less $2,700 was entered in accordance with the verdict of the jury. From this judgment and the order denying its motion for a new trial the defendant, the Silver King of Arizona Mining Company, a corporation, appeals.

The plaintiff, Edward Kendall, while in the employ of the defendant company as a miner, was injured by a blast or explosion occurring near where he was working, which threw ore, dirt, and other materials over, against, and into his body, resulting in the total loss of his right eye and a partial loss of the left, thus depriving him of his sight to the extent that he will not be able again to follow any useful or gainful occupation requiring vision. It is also alleged and testified to that his hearing has been greatly impaired and that his head, face, arms, neck, legs and heart were injured as well. The answer admits that appellee suffered an injury while in its employ, but denies that it was the result of an accident which arose out of and in the course of his employment and was due to a condition or conditions thereof, but pleads affirmatively that it was caused by his own negligence. At the trial, however, appellant did not attempt to substantiate its pleadings in this respect, but admitted through its attorney "that the plaintiff has a cause of action against the defendant under the Employers' Liability Law." The parties were unable to agree on the extent of the injury, and consequently the amount that would properly compensate appellee therefor, so they presented to the jury for its de-

termination the only question to be decided—how much has the plaintiff been damaged.

Over appellant's objection the following answers by appellee, in response to questions by his counsel upon his examination in chief, were permitted:

"Q. Are you married or single? A. Yes; I have a family.

"Q. Of whom does your family consist? A. We have a child.

"Q. Are you living with your family, Mr. Kendall? "A. I am.

"Q. How old is your daughter? A. Twelve years old.

"Q. Are you or are you not the support of your wife and child? A. I was up until the accident."

And the following answers by Mrs. Marie Kendall, in response to questions by counsel for appellee, were permitted over the objections of appellant:

"Q. Are you the wife of Edward Kendall, the plaintiff in this action? A. I am.

"Q. How many children have you by Edward Kendall? A. I have one.

"Q. What is her name? A. Dorothy.

"Q. How old is Dorothy? A. She is 12."

The admission of this testimony, together with the denial of appellant's motion for a new trial based thereon, is the only error assigned.

The legislature of this state, in obedience to a constitutional mandate based upon the proposition that industry should bear the burden of its own maintenance, has provided in the Employers' Liability Law a method by which an employee injured in a hazardous occupation may recover for the loss he has sustained therefrom when the accident causing the injury occurs through the fault of neither himself nor his employer. The unavoidable risks and hazardous character of the occupation or employment in which the workman is at the time engaged must be the cause

of the accident resulting in the injury before damages are recoverable under this law; the fault, wrong, or negligence of the employer being entirely immaterial. The amount of recovery, therefore, for a personal injury resulting from an accident due to a condition of the employment, is limited purely to compensatory damages. *Arizona Copper Co., Ltd.,* v. *Burciaga,* 20 Ariz. 85, 177 Pac. 29. By this term is meant a sum which will compensate the injured employee for the injuries sustained, and no more. *McKnight* v. *Denny,* 198 Pa. 323, 47 Atl. 970; *Morgan* v. *Southern Pac. Co.,* 95 Cal. 501, 30 Pac. 601; *Sachra* v. *Town of Manilla,* 120 Iowa, 562, 95 N. W. 198; *Louisville & N. R. Co.* v. *Gordan* (Ky.), 72 S. W. 311.

It being true, then, that the loss the injured employee himself has sustained is the proper measure of damages, we are unable to see wherein the fact that appellee has a wife or child, or that they were supported by him up to the time of the accident, is either relevant or material. It is not a matter of their loss but of his, and this would be the same whether he was married or single, whether he had children or had not, or whether he was their support up to the time of the accident or not. His earning power during the remainder of his life, had he not been injured, would have been so much, and the fact that he was married would neither lessen nor increase it. As said by the Supreme Court of Alabama in *Louisville & Nashville R. Co.* v. *Binion,* 107 Ala. 645, 18 South. 75:

"The damages sued for are for the injury inflicted on the plaintiff, and not on his family, and for which the law allows him compensation, no more and no less in case he is single than if married and the father of a child or children. The recovery is for his benefit solely."

The Supreme Court of Utah, in considering the same proposition, used the following language in

*Bakka* v. *Kemmerer Coal Co.,* 43 Utah, 345, 134 Pac. 888:

"The plaintiff, over the defendants' objections, was permitted to show that he had a wife, and six children from two and one-half to sixteen years of age. Complaint is made of this. . . . We think the evidence complained of was improperly received. It had no legal relevancy to prove what was claimed for it. The character and extent of the injury and plaintiff's ability to labor and produce were in question. . . . His injuries and his ability or disability to labor were the same whether he had no family or a large family. Nor was the evidence material."

To the same effect are the following and numerous other authorities: *Pennsylvania Co.* v. *Roy,* 102 U. S. 451, 26 L. Ed. 141 (see, also, Rose's U. S. Notes); *Union Pacific R. Co.* v. *McMican,* 194 Fed. 393, 114 C. C. A. 311; *Lacorazza* v. *Cantalupo,* 210 Fed. 875, 127 C. C. A. 459; *Chicago* v. *O'Brennan,* 65 Ill. 160; *Rio Grande S. R. Co.* v. *Campbell,* 44 Colo. 1, 96 Pac. 986; *Sanitary Can Co.* v. *McKinney et al.,* 52 Ind. App. 379, 100 N. E. 785; *Crouse* v. *Chicago & N. W. Ry. Co.,* 102 Wis. 196, 78 N. W. 446, 778; *Simpson* v. *Foundation Co.,* 201 N. Y. 479, Ann. Cas. 1912B, 321, 95 N. E. 10; *Williams* v. *St. Louis etc. Ry. Co.,* 123 Mo. 573, 27 S. W. 387; *Galion* v. *Lauer,* 55 Ohio St. 392, 45 N. E. 1044.

Whatever may have prompted the offering of this testimony, its introduction shed no light on the question to be decided, and could only have had the effect of winning the sympathy of the jury for appellee and thereby prejudice the rights of appellant. Hence it cannot be said that it did not result in enhancing the amount of the verdict in favor of the former; its tendency was undoubtedly in that direction. As said by the court in *Carlile* v. *Bentley,* 81 Neb. 715, 116 N. W. 772:

"The tendency of such evidence is to inflame the minds of the jurors and arouse their sympathies, and thus unduly enhance the amount of the recovery. Such evidence was neither relevant nor material, and its admission was prejudicial error."

The Supreme Court of Illinois, speaking of the same matter, used the following language in *Chicago* v. *O'Brennan,* 65 Ill. 160:

"Was this evidence admissible? If it was, then it would have been competent to have gone farther, and shown all the circumstances of the family: Such as that the mother was an invalid; that one of the daughters was blind; that one son had accidentally lost a leg, etc., if such had been the case, so as to present a most pitiable picture of a helpless family dependent upon appellee for support. . . . For, as the evidence had no place in the case but as a stimulant to the sympathy of the jury, it would be just as competent to make the stimulant strong as weak."

The proposition is so plain that the citation of other authorities is unnecessary, though the following are in point: *Atchison, T. & S. F. Ry. Co.* v. *Ringle,* 71 Kan. 839, 80 Pac. 43; *Hecke* v. *Dunham et al.* (Mo. App.), 192 S. W. 120; *City of Galion* v. *Lauer,* 55 Ohio, 392, 45 N. E. 1044; *Kreuziger* v. *Chicago etc. Ry. Co.,* 73 Wis. 158, 40 N. W. 657; *Alberti* v. *New York etc. R. Co.,* 118 N. Y. 77, 6 L. R. A. 765, 23 N. E. 35.

It is urged by appellee that, even though it be error as a general proposition to permit such evidence to go to the jury, appellant in this case is not in a position to take advantage of it, for the reason that its answer alleges that since the accident appellant has expended in behalf of appellee, because of the accident and injuries sustained by him and for the support of himself and his family, the sum of $2,750, and for the further reason that evidence was introduced in support of this allegation

which had the effect of curing any error attached to its admission upon the direct examination of appellee and Mrs. Marie Kendall. In pursuance of paragraph 3160, Revised Statutes of 1913, appellant had alleged by way of setoff the sums advanced after the injury for the benefit of appellee and his family, and in proof of this allegation the witness George D. Christy, an officer of the appellant corporation, testified to the amounts paid, and in so doing referred to a conversation with Mrs. Kendall but made no reference to the number constituting appellee's family. It did not appear therefrom that he had a child nor that he was the support of his wife and child up to the time of the accident. The payments were not denied in either the pleading or proof of appellee, though the exact amount was not known; hence no issue was made thereon. The mere reference in the answer to the fact that appellant advanced money for the benefit of appellee and his *family* did not justify the admission of the evidence complained of, for a setoff is permitted only when the sum contributed or paid is for the benefit of the employee injured, and it does not matter whether it goes to his family or to some other cause so long as its payment is for his beneficial use and on account of the injury suffered by him. Manifestly, the words "his family" in the answer, as well as that part of the testimony that the money was advanced for the benefit of "his family," were entirely unnecessary and immaterial and called for no statement as to the number thereof by appellant, and none was given. It could not therefore have had the effect of curing the error admitting the testimony objected to.

It is further contended that the error was cured by the instructions. It is true that the court correctly instructed the jury as to the proper measure of damages when he advised it that the amount of recovery

was limited to compensation; that is, to the actual loss suffered by appellee as a proximate and direct result of the accident causing the injury. The husband and father himself being the plaintiff, the loss sustained by the wife and child was not an element of damage, though in a death case, where the action is prosecuted for the benefit of the widow and children, their loss as measured by his worth to them as a husband and father would be the guide. The admission of this evidence, however, justified the jury in considering it, as well as all the other testimony in the case, in arriving at its verdict. Who can say, then, what effect the child and its need of care and an education may have had on the result? As stated by the Supreme Court of Illinois in *Pittsburg etc. R. Co.* v. *Powers,* 74 Ill. 341:

"It is impossible for us to know what portion of the verdict in this case was allowed because appellee had a family. The evidence was before the jury for the purpose of enhancing the damages, and we have no doubt it produced that result."

The error, perhaps, could have been cured by cautioning the jury in its instructions against increasing the amount of the verdict on account of the plaintiff's having a wife and child, and that he had supported them up to the time of the injury. Nowhere, however, was the jury admonished to disregard this evidence, though doubt as to its admissibility was expressed by the court at the time it was offered. The failure to do this, however, even though the instructions were otherwise correct, is ground for a reversal of the judgment. *Galion* v. *Lauer,* above; *Kinsley* v. *Morse,* 40 Kan. 577, 20 Pac. 217; *Central Passenger Ry. Co.* v. *Kuhn,* 86 Ky. 578, 9 Am. St. Rep. 309, 6 S. W. 441; *Vosburg* v. *Putney,* 78 Wis. 84, 47 N. W. 99.

The fact that appellee had a wife and child may have reached the jury otherwise would not justify a holding that no improper result followed its admission. It is true that evidence having no proper place in the record sometimes reaches the jury as an inseparable part of evidence otherwise competent, but this is not ground for admitting the incompetent evidence when disassociated from that which is competent. As said by the Supreme Court of Kansas in *Atchison, T. & S. F. Ry. Co.* v. *Ringle,* above:

"It is further suggested that the rule which forbids the introduction of this kind of evidence ought to be abandoned because the information imparted to the jury by the answers to these questions might have been obtained by them as well by the calling of the children as witnesses, or by their presence in court. This reasoning does not appeal to us as being sound. That incompetent evidence may sometimes reach the jury as an inseparable element of competent evidence does not warrant courts in permitting the introduction of the incompetent evidence alone. This class of evidence has been condemned because of the prejudice, or bias, which it is likely to excite in the minds of a jury, and in this case, after carefully examining the evidence relative to the character of the injury, we are not prepared to say, in view of the size of the judgment, that they were not unduly influenced thereby."

Appellee contends further that if the erroneous admission of evidence has, in the judgment of this court, resulted in an excessive verdict, he should have the privilege of curing it by remitting the excess. It is true that this court has the power in a proper case to affirm a judgment upon the filing by the appellee of a *remittitur* in the amount held to be excessive, but such is not true where the excess has been brought about through the weight of immaterial, irrelevant, and incompetent evidence. It is impossible, as was said in *Pittsburg etc. R. Co.* v. *Powers,* above, for us

to say just how much the verdict was enhanced as a result of the introduction of this evidence. For this reason we feel that a jury uninfluenced by it should say how much appellee has been injured. His injury is serious, and he is undoubtedly entitled to substantial damages. This is admitted even by appellant, but the jury can more accurately determine the extent of the damage than this court.

The judgment is reversed and case remanded to the superior court for a new trial.

ROSS, C. J., and FLANIGAN, J., concur.